428 So.2d 1046 (1983)
NOLAN J. CUNNINGHAM APARTMENTS, INC.
v.
Elfray J. DUPRE.
No. 82 CA 0388.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Keith M. Whipple, Houma, for plaintiff and appellant.
Thomas L. Wright, Houma, for defendant and appellee.
*1047 Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Plaintiff appealed the dismissal of his suit to accelerate payments on a promissory note.
The sole issue is whether plaintiff acquiesced in late payments on the note.
We affirm.
Plaintiff sued defendant on a promissory note in the amount of One Hundred Thousand and No/100 ($100,000.00) Dollars with interest and attorney's fees, less credit for the amount previously paid. The note was payable in monthly installments due on the 10th day of each month. Plaintiff's petition alleged that the defendant failed to make timely the payment due on September 10, 1981, and that the note was accelerated.
The defendant answered alleging that he had transferred the property to another by an Act of Sale with Assumption of Mortgage and asserting the affirmative defense of estoppel because of the plaintiff's repeated acceptance of late payments.
In written reasons, the trial judge found that prior to the September, 1981 payment, fifteen monthly installments were paid, of which five and possibly six[1] of the nine most recent payments were stamped with dates subsequent to the 10th of the month. A casual conversation concerning late payments was insufficient to qualify as notice that late payments would no longer be tolerated. Three late payments were accepted between that conversation and the filing of this suit.
When a series of installment payments are due and the payee customarily permits payments to be made after the due date, a course of conduct is established whereby the payee, by acquiescence therein, is deemed to have waived his right to demand that an acceleration clause be enforced without first placing the payor in default, thereby signaling an end to such conduct. The purpose for the rule is to prevent an obligee from lulling an obligor into a false sense of security by accepting late payments over an extended period. Fairness requires that the obligee make known his intent to discontinue acceptance of late payments. Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926 (1908); Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976), writ denied, 341 So.2d 901 (La.1977).
The record supports the trial court's finding that any communication made was casual and that payments were accepted following that communication. We cannot say such findings are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For these reasons, the trial court's finding is affirmed with costs assessed to the plaintiff.
AFFIRMED.
NOTES
[1] There is a discrepancy between the bank's collection records and the defendant's payment book regarding the May, 1981 payment.