534 So.2d 998 (1988)
Edward GUIDRY and Evelyn Guidry, PlaintiffsRelators,
v.
Alfred F. PEOPLES, Jr., et al., Defendants-Respondents.
No. W88-879.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
Anthony M. Fazzio, Janet K. Culpepper, Lafayette, for plaintiffs-relators.
David K. Balfour, David S. Cook, Lafayette, for defendants-respondents.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Edward Guidry and Evelyn Guidry (hereinafter the Guidrys), plaintiffs in an action to recover damages for personal injuries Mr. Guidry received in an automobile accident, seek supervisory relief from the district *999 court's denial of their motion for summary judgment on the question of liability only.
On April 11, 1986, Edward Guidry was stopped in traffic in Lafayette, waiting for automobiles ahead of him to turn left, when a vehicle driven by Alfred F. Peoples (hereafter Peoples) ran into the rear of the Guidry vehicle. The Guidrys sued Peoples, Champion Insurance Company (hereafter Champion), Peoples' liability insurer, and Hartford Insurance Company of the Southeast (hereafter Hartford), the uninsured/underinsured insurer of the Guidrys' closely held corporation, Ed Guidry Lumber Sales, Inc., the titled owner of the Guidrys' vehicle.
Supported by Edward Guidry's deposition, the Guidrys filed a motion for summary judgment on the question of liability against all defendants. Peoples, Champion, and Hartford filed memoranda in opposition to the Guidrys' motion, but filed no opposing evidence countenanced by LSA-C. C.P. Arts. 966 and 967. In written reasons, the trial court stated:
"The plaintiffs have filed this motion for summary judgment on the issue of liability, based on their contention that the accident was caused solely by the fault of Alfred Peoples, Jr.....
The record reflects answers filed by Alfred Peoples, Jr., Champion Insurance Company and Hartford Insurance Company which set forth allegations of comparative negligence on the part of the plaintiff, Edward Guidry, in causing or contributing to the accident. The Court finds that these pleadings reveal a material factual issue on the question of liability, and for this reason denies the plaintiffs' motion for summary judgment."
Applicable to the case sub judice are the following procedural articles:
LSA-C.C.P. Art. 966
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
LSA-C.C.P. Art. 967:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. *1000 If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt." (Emphasis added.)
See also Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, at page 1070 (La.App. 3rd Cir.1985), and cases cited therein.
In the present case, the Guidrys introduced the deposition of Edward Guidry into evidence to establish the defendants' liability. In the deposition Guidry described the accident which forms the basis for this lawsuit. He stated that the streets were dry, and that it was not raining either before or at the time of the accident. The accident occurred in Lafayette on a four lane roadway, with two lanes going in one direction and the other two lanes going in the opposite direction. Two vehicles were ahead of him in the inside lane, and he was stopped waiting for the traffic to clear so that the lead vehicle could make a left turn. He estimated that he was stopped in his lane of travel with his foot on the brake for approximately five minutes before the accident occurred. He stated that he was completely unaware that the accident was going to occur when Peoples ran into the rear of his small, utility truck.
Accordingly, through Guidry's deposition the negligence of Peoples was established, and no negligence on Guidry's part was shown.
The Guidrys stress that Louisiana jurisprudence has established a presumption that when a following vehicle rear-ends a vehicle ahead of it, the following vehicle is presumed at fault and must prove a lack of fault to avoid liability. See Welch v. Thomas, 263 So.2d 427 (La.App. 1st Cir.1972), writ denied, 262 La. 1132, 1137, 1143, 266 So.2d 434, 436, 438 (La. 1972). This presumption is premised on LSA-R.S. 32:81 which provides, in pertinent part:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
Peoples, Champion and Hartford have offered no evidence to either exculpate Peoples from his fault in causing the accident, or to establish fault on Guidry's part. Instead, in their memoranda opposing the motion for summary judgment, Peoples, Champion and Hartford argue that their answers to the Guidrys' lawsuit alleged that Edward Guidry was also at fault in causing the accident. LSA-C.C.P. Art. 967 makes it clear that opponents to a motion for summary judgment cannot rely merely on the allegations in their pleadings once the proponents of the motion have introduced evidence sufficient to indicate that no material fact remains at issue and that summary judgment is appropriate as a matter of law. In this regard, we conclude that the trial court erred in failing to grant summary judgment in favor of the Guidrys with respect to the liability of Peoples.
Through its memorandum, we discern that Champion has been unable to locate Peoples. Although LSA-C.C.P. Art. 967 allows the trial court to deny the motion for summary judgment to permit the opposing party the necessary time to compile the evidence needed to defend its case, the record does not indicate that the trial court denied the motion on this ground. We have independently examined the record, and will not grant such a delay because no reasons have been advanced either by Champion or Hartford to justify such action.
Nevertheless, we find no error in the trial court's denial of the motion for summary judgment with respect to Champion and Hartford. The various provisions of both insurance policies are at issue in this litigation, and the record does not reflect that the policies were introduced into evidence at the hearing on the motion for *1001 summary judgment. Without these insurance policies the liability of Champion and Hartford cannot be addressed.
For the foregoing reasons, the judgment of the trial court denying the motion for summary judgment as it pertains to Alfred F. Peoples, Jr. is reversed and set aside, and IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Edward Guidry and Evelyn Guidry and against Alfred F. Peoples, Jr. on the issue of liability. In all other respects, there is no error in the trial court's ruling as it pertains to Champion Insurance Company and Hartford Insurance Company of the Southeast. Our stay order dated September 9, 1988, is lifted, and this case is remanded to the trial court for further proceedings consistent with the holdings herein.
WRIT GRANTED IN PART AND MADE PEREMPTORY, DENIED IN PART, AND CASE REMANDED.