583 So.2d 106 (1991)
Ronald VAN HOOSEN, et ux., Plaintiffs-Appellants,
v.
FIRST NATIONAL BANK OF ST. MARTIN, Defendant-Appellee.
No. 90-104.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, James M. Wilkerson, Lafayette, for plaintiffs-appellants.
Guidry & Guidry, Daniel G. Guidry, St. Martinville, for First Nat. Bank of St. Martin.
Roy, Forrest & Lopresto, L. Albert Forrest, New Iberia, for State Farm.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOUCET, Judge.
Ronald and Patsy Van Hoosen, depositors of First National Bank of St. Martin, sued the bank for damages based on an alleged wrongful seizure of their certificates of deposit. The bank seized the certificates to offset the Van Hoosens' delinquent debts owed to the bank. The bank moved for summary judgment on two grounds. First, it claimed that LSA R.S. 6:316(C) operated to pledge the certificates of deposit, and that they thus had the right of offset by operation of law. Second, the bank relied on a contractual right of offset provided by the promissory notes executed by the Van Hoosens. The bank's liability insurer was added as a party defendant. The trial court granted the motion for summary judgment in favor of the bank and the Van Hoosens appealed. We affirm.
The Van Hoosens were approved two loans with First National. The first loan of $60,000 was secured by a mortgage on two rent houses owned by the Van Hoosens. The second loan was a line of credit for $40,000 and was secured by a second mortgage on the Van Hoosen's home.
On October 5, 1984, the Van Hoosens invested $30,000 with the bank in six $5,000 certificates of deposit bearing an interest rate of 12.5% with 36 month terms maturing on October 5, 1987.
In 1986, the plaintiffs' payments became untimely and delinquent, eventually becoming 90 days past due. First National accommodated the plaintiffs by restructuring their loan agreement and thereby reducing their monthly payments. The delinquent payments continued, however, again becoming 90 days past due.
*107 On October 5, 1987, the day on which the certificates of deposit matured, both loan payments were past due. On this day Mrs. Van Hoosen had gone to the bank to cash in her certificates of deposit and withdraw the funds. When the certificates were presented, the bank's personnel refused payment and informed Mrs. Van Hoosen that the bank had exercised its right to accelerate maturity of the notes due to their past due status. The bank thereafter applied the funds represented by the certificates of deposit toward the loans.
On this appeal the Van Hoosens basically attack the authority of the bank to declare the notes accelerated and apply their deposits by way of compensation. An acceleration clause provision is self-operative and becomes executory in the event of default in the payment of any of the notes at maturity. Haik v. Rowley, 377 So.2d 391 (La.App. 4th Cir.1979). We find that the bank's action was permissible.
Compensation takes place by operation of law when two parties owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due. La.C.C. Art. 1893. In such a case, compensation extinguishes both obligations to the extent of the lesser amount. Id.
In the present case the bank owed the Van Hoosens the value of the six matured certificates of deposit. The Van Hoosens owed the bank a larger sum, being the total of the two obligations represented by installment notes which, in their delinquent state, the bank had accelerated, as it had a right to do, making the notes, like the matured certificates of deposit, presently due.
As indicated by the revision comments to La.C.C. Art. 1894, it has heretofore been the rule that, under the compensation provisions of Article 1893, a bank may not apply funds on deposit to payment of the depositor's debt to the bank, absent a special agreement with the depositor authorizing such application. Watkins v. Bank of Morgan City & Trust Co., 162 So. 262 (La.App. 1st Cir.1935). This rule was recently legislatively changed, however, by Act 451 of 1986, amended by Act 137 of 1989. This Act, now La.R.S. 6:316, states that notwithstanding La.C.C. Art. 1893 et seq., compensation now takes place between funds held on deposit with a bank and any loan, extension of credit, or other obligation incurred by the depositor in favor of the bank. The Act creates a statutory pledge and gives the bank the right upon the depositor's default to apply any and all funds on deposit towards the payment of the depositor's indebtedness or obligation. La.R.S. 6:316(C). The statute, as it read in 1987, is as follows:
§ 316. Pledge of deposit accounts; rights and remedies
A. Notwithstanding the provisions of Civil Code Articles 1893, et seq., compensation takes place by operation of law between funds held on deposit with a bank organized under this Title or with a national bank domiciled in this state and any loan, extension of credit, or other obligation incurred by the depositor in favor of the bank. This compensation shall apply to those funds on deposit which the depositor has the right to withdraw on his request or endorsement alone, except funds deposited in an Individual Retirement Account or other type of tax-deferred account. The funds to which this compensation applies shall be deemed to be pledged by the depositor in favor of the depository bank.
B. The pledge of such deposit accounts need not be reflected in writing or comply with the requirements of Civil Code Art. 3158 or R.S. 9:4321, et seq. Such a pledge shall instead be deemed for any and all purposes to constitute a statutory security interest arising by operation of law. The ability of the depositor to withdraw funds from a deposit account at will shall not be deemed to adversely affect the validity of the pledge provided under this Section.
C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then *108 has on deposit with the bank towards the payment of the depositor's indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part. The exercise of the bank's remedies under this Subsection shall not affect any other rights and remedies available to the bank following the depositor's default.
D. The bank shall notify the depositor in writing within two business days following the exercise of the bank's remedies under Subsection C of this Section. Such notice shall be forwarded by registered or certified mail to the depositor's most current address reflected in the bank's records. In the event that the bank mails such a notice to the depositor within the above time period, the bank shall have no liability to the depositor or to any other person or persons as a result of the bank's dishonor of checks or drafts drawn on the depositor's accounts with the bank.
E. The rights and remedies afforded to banks under this Section shall be in addition to a depository bank's contractual rights of compensation or setoff as provided in customer notes and agreements.
F. Notwithstanding the provisions of Civil Code Articles 1893, et seq., compensation or setoff shall occur by operation of law between any funds held on deposit with the bank and any and all loans, extensions of credit, or other obligations of the depositor incurred in favor of the bank.
The plaintiffs cite Nolan J. Cunningham Apts., Inc. v. Dupre, 428 So.2d 1046 (La.App. 1st Cir.1983), for the proposition that "late" installment payments that are customarily accepted past the due date deems the payee has acquiesced thereby waiving his right to demand that an acceleration clause be enforced without first placing the payer in default, thereby signaling an end to such conduct. This argument was not made at the trial court level, and makes its first appearance in the Van Hoosens' brief on appeal. They note that the purpose for this rule is to prevent an obligee from lulling an obligor into a false sense of security by accepting late payments over an extended period. Id., at 1047.
The summary judgment evidence contains no indication that the bank ever acquiesced in late payments, three months delinquencies, or any other course of conduct. To the contrary, the evidence is clear that all parties knew the condition of the loans and the necessity that something be done about it.
In view of our affirmation on the basis of the application of LSA R.S. 6:316, we find it unnecessary to discuss whether or not the bank could properly rely on its contractual right of compensation or offset as provided in the promissory notes signed by the Van Hoosens.
Finding no error in fact or law we affirm the judgment of the trial court in dismissing the case. Costs on appeal are assessed to the appellants.
AFFIRMED.