617 So.2d 1343 (1993)
Ione D. GUILLOT, et al., Plaintiffs/Appellants,
v.
UNION BANK, Defendant/Appellee.
No. 92-568.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
*1344 Rodney Marchive Rabalais, Marksville, for Ione D. Guillot, et al.
Joseph Blaise Treuting, Marksville, for Union Bank.
Before DOUCET, YELVERTON and COOKS, JJ.
COOKS, Judge.
Ione D. Guillot, Linda G. Chenevert and Marie D. Drouin sued Union Bank of Marksville for damages based on an alleged wrongful seizure of a certificate of deposit which named them as alternate depositors. The bank seized the certificate to offset a delinquent debt owed by Nick F. Mayeux and Zenella G. Mayeux. Zenella G. Mayeux was also named as an alternate depositor on the face of the seized certificate of deposit.
The banking events giving rise to the seizure are materially undisputed. Nick F. Mayeux and Zenella G. Mayeux executed a promissory note in favor of Union Bank in the principal sum of $52,459.26. The promissory note recited that the borrowers pledged all deposit accounts with the bank "as collateral security for the prompt and punctual payment and satisfaction of [the] note" consistent with LSA-R.S. 6:316. Mr. and Mrs. Mayeux defaulted on the payments. The bank elected to seize a Money Market Certificate of Deposit in the amount of $7,430.00 which named Zenella Mayeux as an alternative depositor. The bank notified Zenella Mayeux of this action by registered mail.
The other named depositors filed suit. The trial judge granted Summary Judgment in favor of the bank. They object to the seizure on this appeal for three (3) reasons. First, they contend the certificate of deposit was actually owned by Ione D. Guillot. Zenella Mayeux and Linda Chenevert, the daughters of Ione D. Guillot, alleged by affidavit that the funds used to purchase the certificate of deposit belonged to their mother and their names appeared as depositors for convenience only in the event Mrs. Guillot was unable physically or mentally to renew the certificate of deposit or cash it. Further, Mrs. Mayeux alleged the bank knew the funds belonged to Mrs. Guillot. Second, appellants argue neither the conventional pledge, as reflected in the note signed by Zenella Mayeux, nor the statutory pledge granted by LSA-R.S. 6:316 attached to the certificate of deposit because it was payable to alternate payees. Finally, they contend the procedures employed by Union Bank in effecting the offset were improper. The bank answered requesting frivolous appeal damages.

LAW AND ANALYSIS
It is well settled rendition of Summary Judgment should occur only if there are no genuine issues of material fact, and the mover is entitled to judgment as a matter of law. Guidry v. People, 534 So.2d 998 (La.App. 3rd Cir.1988); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Louisiana Code of Civil Procedure article 966.
As noted, the facts in this case are essentially undisputed except for the allegations regarding Mrs. Guillot's total ownership of the funds used to acquire the certificate of deposit and the bank's knowledge of this ownership. The trial judge concluded the dispute regarding these facts did not materially affect the outcome of the case as a matter of law. We agree.
LSA-R.S. 6:316 provides:
"A. Notwithstanding the provisions of Civil Code Articles 1893, et seq., compensation *1345 takes place by operation of law between funds held on deposit with a bank organized under this Title or with a national bank domiciled in this state and any loan, extension of credit, or other obligation incurred by the depositor in favor of the bank. This compensation shall apply to those funds on deposit which the depositor has the right to withdraw on his request or endorsement alone, except funds deposited in an Individual Retirement Account or other type of tax-deferred account. The funds to which this compensation applies shall be doomed to be pledged by the depositor in favor of the depository bank.
B. The pledge of such deposit accounts need not be reflected in writing or comply with the requirements of Civil Code Art. 3158 or R.S. 9:4321, et seq. Such a pledge shall instead be deemed for any and all purposes to constitute a statutory security interest arising by operation of law. The ability of the depositor to withdraw funds from a deposit account at will shall not be deemed to adversely affect the validity of the pledge provided under this Section.
C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation of any nature and kind whatsoever in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then has on deposit with the bank or on which the bank has taken a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.) towards the payment of the depositor's indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part. The exercise of the bank's remedies under this Subsection shall not affect any other rights and remedies available to the bank following the depositor's default.
D. The bank shall notify the depositor in writing within two business days following the exercise of the bank's remedies under Subsection C of this Section. Such notice shall be forwarded by registered or certified mail to the depositor's most current address reflected in the bank's records. In the event that the bank mails such a notice to the depositor within the above time period, the bank shall have no liability to the depositor or to any other person or persons as a result of the bank's dishonor of checks or drafts drawn on the depositor's accounts with the bank.
E. The rights and remedies afforded to banks under this Section shall be in addition to a depository bank's contractual rights of compensation or setoff as provided in customer notes and agreements and shall further be in addition to any other rights and remedies that a depository bank may have with regard to customer deposit accounts on which the bank may have a security interest subject to Chapter 9 of the Louisiana Commercial Laws.
F. Notwithstanding the provisions of Civil Code Articles 1893, et seq., compensation or setoff shall occur by operation of law between any funds held on deposit with the bank and any and all loans, extensions of credit, or other obligations of the depositor incurred in favor of the bank."
Prior to amendment of this statute, Louisiana Civil Code Article 1893 prevented banks from applying funds on deposit to payment of a depositor's debts without a special agreement executed by the depositor authorizing such applications. Watkins v. Bank of Morgan City & Trust Co., 162 So. 262 (La.App. 1st Cir.1935). This codal prohibition was legislatively repealed to permit pledges of a debtor's deposit accounts by operation of law or contract. Union Bank was authorized to seize and offset any funds held on deposit for Zenella Mayeux to pay the indebtedness reflected in the promissory note which was clearly in default. In Van Hoosen v. First National Bank, 583 So.2d 106 (La.App. 3rd Cir.1991), this court affirmed a summary judgment in favor of a bank specifically recognizing its statutory right to offset a certificate of deposit against a debtor's loan obligation in default. Appellant urges this case is distinguishable from the present because Zenella *1346 Mayeux was not the sole depositor listed on the certificate. In essence, they contend the statutory and contractual pledge operating in favor of the bank against all funds held on account for Zenella Mayeux does not attach to alternate payee accounts. LSA-R.S. 6:312 provides in relevant part:
"A. When a deposit is made in any bank under the names of two or more persons payable to any one of such depositors, that deposit or any part of it or any interest or dividend on it may be paid to any one of such depositors, whether the other depositor or depositors be living or not, and the receipt or acquittance of the person paid is a full release and discharge of the bank as to any heir, legatee, creditor, or other person having rights or claims to funds of such deceased depositor for any payment made; nor shall any bank paying any such depositor in accordance with the provisions of this Section thereby be liable for any estate, inheritance, or succession taxes that may be due this state. However, a bank which has received notice addressed to it in writing of the death of any such account owner shall thereafter report payments made out of the account to the collector of revenue within one week after payment is made.
* * * * * *
C. The pledge to a bank of all or part of the deposits in the names of two or more persons, including but not limited to time accounts, savings accounts, or certificates of deposit, executed by a person upon whose signature withdrawals may be made, shall, unless the terms of the deposit provide specifically to the contrary, be a valid pledge to the bank of all the deposits pledged."
The certificate of deposit in controversy was payable to the order of "Zenella G. Mayeux or Linda W. Chenevert or Marie G. Drouin or Ione D. Guillot. LSA-R.S. 6:312(A) permits payment of the deposited amount in full to any of the named alternate depositors. Furthermore, LSA-R.S. 6:312(C) allows any of the named depositors to execute a pledge of these funds in whole or part "unless the terms of the deposit provide specifically to the contrary..." LSA-R.S. 6:317 additionally establishes a presumption of full ownership in the funds in favor of any of the alternate depositors named on the account "unless [the bank is] otherwise notified or directed by such depositor or depositors."
Appellants assert these provisions are inapplicable to effectuate a pledge of the instant certificate of deposit. Their entire theory rest on the assumption that the statutory pledge granted by law does not apply to alternate payee accounts where a dispute arises regarding actual ownership. They alleged the bank received "contrary notice" that the funds used to purchase the certificate of deposit belonged to lone Guillot. As a result of this notice, they assert the bank was prevented from relying on the ownership presumption recognized in LSA-R.S. 6:317 and from acquiring a pledge pursuant to the provisions of LSA-R.S. 6:312 and LSA-R.S. 6:316. We disagree.
Examination of the terms of the certificate of deposit does not reveal any language expressing that the funds held on deposit actually belonged to a single payee as opposed to all payees, severably and in full. Also, the account application, agreement, or signature card did not recite the funds on deposit belonged solely to lone Guillot. The allegation that notice was verbally communicated to certain employees is simply insufficient legally to rebut the presumption of ownership or to negate the pledge rights acquired by Union Bank conventionally and by operation of law.
Moreover, we are not compelled to consider appellants' contentions regarding judicial enforcement of the conventional pledge. Union Bank also acquired a statutory pledge which did not require judicial recognition. Banks are permitted to seize funds on deposit and to apply the funds to loan obligations without judicial intervention. Banks further are absolved of all liability to depositors or any other person as a result of checks or drafts drawn on accounts if notice is mailed by registered or certified mail within two (2) *1347 business days of the seizure. We dismiss appellants' argument that this provision required Union Bank to notify all the alternate payees listed on the certificate of deposit. The notice forwarded to Zenella Mayeux, within the delay period, was sufficient to satisfy this statutory requirement. Likewise, reference to the original certificate of deposit number was not necessary. Obviously, the Certificate had been successively renewed and assigned different numbers.

FRIVOLOUS APPEAL
We find this appeal was lodged in good faith and without intent to delay the legal process. Billeaud v. Association of Retarded Citizens of Evangeline, 569 So.2d 1020 (La.App. 3rd Cir.1990); Richard v. Domingue, 542 So.2d 797 (La.App. 3rd Cir. 1989). Appellants seriously argued their position and genuinely posed questions for this court's review.

DECREE
For the foregoing reasons, the summary judgment is affirmed. All costs are assessed against appellants.
AFFIRMED.