LeBLANC, Judge.
Plaintiff, Wenonah F. Mahler, appeals the dismissal of her suit for conversion of funds contained in three certificate of deposit accounts (CDs). The issue presented on appeal is whether La.R.S. 6:316 authorized defendant, First National Bank of Houma (FNBH), to apply the CD funds to an obligation owed to FNBH by Mrs. Mahler’s son, Butley J. Mahler, Jr., who was named as an alternate depositor on the CDs. We affirm.
FACTS
The following facts delineated in the trial court’s written reasons for judgment are not disputed.
At issue are three certificates of deposit issued in plaintiffs name and others in the principal amount of $85,000.00 These certificates were originally part of the Succession of Butley J. Mahler. In a Judgment of Possession signed September 13, 1984, the plaintiff was recognized as the surviving spouse in community and entitled to the ownership and sent into possession of an undivided one-half interest together with the legal usufruct of the other one-half interest in the community property. Mrs. Mahler testified that new CD’s [sic] were issued by the bank in her name, that she received all interest payments and that she withdrew some principal on occasion. Thereafter, as the CD’s [sic] matured, she requested the bank add the names of her three children on the face of the renewal of each certificate. Each certificate bears the taxpayer identification number of Wenonah Mahler, has a notation to pay interest monthly to Wenonah Mahler by check or deposit to her account, and is made payable to the order of Wenonah F. Mahler or Butley J. Mahler, Jr. or Catherine M. Mahler or Wenonah M. McElroy upon surrender of the certificate properly endorsed. Mrs. Mahler testified that she added the names of her children only as a matter of convenience, to be effective in the event of her death, but not to transfer any present ownership of the funds. At all times, she maintained possession of the CD’s [sic].
On June 4, 1987, Mahler, Inc., through its authorized officer, Kearney A. Mahler, executed in favor of First National Bank of Houma [defendant] two commercial promissory notes payable on demand. One note was in the principal amount of $800,000.00 and the other in the principal amount of $200,000.00. On the same date, Butley Mahler, Jr. signed a Continuing Guaranty in favor of First National Bank of Houma [defendant] guaranteeing the indebtedness of Mahler, Inc. On March 23, 1990, Mrs. Mahler was advised by letter that the *24 above-cited loan was in default and that pursuant to La.R.S. 6:316, the ban[k] had exercised its right of offset and applied the funds represented by the three CD’s [sic] to the loan.
ANALYSIS
Mrs. Mahler contends that she listed her children (including Butley) as alternate payees on the CDs only as a matter of convenience and that she retained full ownership of the CD funds. She argues that the trial court erred in concluding that La.R.S. 6:316 authorized the seizure and offset of the CD funds to satisfy Butley’s obligation to FNBH, since Butley did not own these funds.
La.R.S. 6:316 provides, in pertinent part, as follows:
A. Notwithstanding the provisions of Civil Code Articles 1893, et seq., compensation takes place by operation of law between funds held on deposit with a bank organized under this Title or with a national bank domiciled in this state and any loan, extension of credit, or other obligation incurred by the depositor in favor of the bank. This compensation shall apply to those funds on deposit which the depositor has the right to withdraw on his request or endorsement alone, except funds deposited in an Individual Retirement Account or other type of tax-deferred account. The funds to which this compensation applies shall be deemed to be pledged by the depositor in favor of the depository bank.
B. The pledge of such deposit accounts néed not be reflected in writing or comply with the requirements of Civil Code Art. 3158 or R.S. 9:4321, et seq. Such a pledge shall instead be deemed for any and all purposes to constitute a statutory security interest arising by operation of law. The ability of the depositor to withdraw funds from a deposit account at will shall not be deemed to adversely affect the validity of the pledge provided under this Section.
C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation of any nature and kind whatsoever in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then has on deposit with the bank ... towards the payment of the depositor’s indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part....
⅜ ⅜ ⅜ ⅜: ⅜ ⅜
F. Notwithstanding the provisions of Civil Code Articles 1893, et seq., compensation or setoff shall occur by operation of law between any funds held on deposit with the bank and any and all loans, extensions of credit, or other obligations of the depositor incurred in favor of the bank.
This provision creates a statutory pledge which gives a bank the right, upon a depositor’s default on an obligation owed to the bank, to apply any and all funds on deposit toward payment of that obligation. Van Hoosen v. First Nat. Bank, 583 So.2d 106, 107 (La.App. 3rd Cir.1991). This statutory pledge applies to deposited funds “which the depositor has the right to withdraw on his request or endorsement alone_” La.R.S. 6:316 A.
In the present matter, plaintiff does not dispute that the debt of Mahler, Inc., to FNBH, which was guaranteed by Butley Mahler, Jr., exceeded the value of the three CD accounts. It was also clearly established that Mahler, Inc. and Butley Mahler, Jr., were in default of this obligation at the time FNBH offset the CD accounts. Thus, the relevant inquiry is whether Butley Mahler, Jr., had the right to withdraw the funds from the CD accounts upon his “request or endorsement alone”.
Each of the three CDs states on its face that the funds were deposited by and are payable to “Wenonah F. Mahler or Butley J. Mahler, Jr. or Catherine H. Mahler or Wino-na M. McElroy”.[1] When a deposit is made in a bank under the names of two or more persons payable to any one of the depositors, *25 La.R.S. 6:312 A permits payment of the full deposited amount to any one of the named alternate depositors. Guillot v. Union Bank, 617 So.2d 1343, 1346 (La.App. 3rd Cir.1993). Thus, as one of the named depositors on the CDs, Butley Mahler, Jr., had the right to withdraw the deposited funds on his endorsement alone, without any necessity for endorsement by any of the other alternate depositors. We also note that under La.R.S. 6:312 C[2], any one of the named depositors on an alternate account who has authority to withdraw funds upon his signature may pledge all of the funds in the account, unless the terms of the deposit specifically provide to the contrary. Finally, La.R.S. 6:317 provides for a conclusive presumption of full ownership of all funds in an alternate depositor account in favor of any of the named alternate depositors, unless the bank is otherwise notified by the depositor(s).
In the present case, it was not shown that FNBH was given any notice that the funds in the CD accounts were owned exclusively by Mrs. Mahler. Further, the terms of the CDs themselves do not contain any language indicating that the funds on deposit actually belonged to only one of the named depositors, as opposed to all of them.
In Guillot, the Third Circuit dealt with a similar factual situation. The bank in that case seized funds from a certificate of deposit account and, pursuant to La.R.S. 6:316, applied the funds toward payment of a delinquent debt owed by Zenella G. Mayeux, one of the alternate depositors/payees named on the CD. The CD also named Zenella’s mother and two sisters as alternate depositors. On appeal the mother argued that La.R.S. 6:316 did not apply because she actually owed the CDs and had added her daughter’s names as alternate depositors only for the sake of convenience in the event of her death. The Third Circuit rejected this argument, finding that the bank acquired a statutory pledge of the CD funds pursuant to La.R.S. 6:316 despite appellant’s claims regarding ownership of the funds. We agree with this holding.
For the above reasons, we concur with the trial court’s conclusion that La.R.S. 6:316 authorized defendant, FNBH, to offset the funds in the disputed CD accounts. Accordingly, we affirm the dismissal of plaintiffs suit. Mrs. Mahler is to bear all costs of this appeal.
AFFIRMED.

. On one of the three CDs Catherine Mahler is named as Cathy Mahler. On another of the CDs Winona McElroy is named as Wenonah Mahler.

. La.R.S. 6:312 C provides that:
The pledge to a bank of all or part of the deposits in the names of two or more persons, including but not limited to time accounts, savings accounts, or certificates of deposit, executed by a person upon whose signature withdrawals may be made, shall, unless the terms of the deposit provide specifically to the contrary, be a valid pledge to the bank of all the deposits pledged.