647 So.2d 614 (1994)
Patsy and Patrick LeBLANC, Plaintiffs-Appellants,
v.
ST. LANDRY PARISH POLICE JURY, et al., Defendants-Appellees.
No. 94-501.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*615 R. Hamilton Davis, for Patsy and Patrick LeBlanc.
I. Jackson Burson Jr., for St. Landry Pol. Jury, et al.
John R. Walker, for Cigna.
Brian Timothy Butler, for The Travelers Ins. Co.
Before GUIDRY, C.J., and LABORDE and SAUNDERS, JJ.
GUIDRY, Chief Judge.
In this personal injury suit, plaintiffs, Patsy and Patrick LeBlanc, appeal from a summary judgment in favor of defendants, the St. Landry Parish Police Jury and CIGNA Property and Casualty Insurance Company, which dismissed their suit. For the following reasons, we affirm.

FACTS
This suit concerns a rear-end automobile accident which occurred on U.S. Highway 190 on March 23, 1992 at approximately 2:20 p.m. Highway 190 is a four-lane thoroughfare with a median dividing the eastbound and westbound lanes. The weather at the time was sunny and clear. Patsy LeBlanc was traveling in an easterly direction from Eunice, Louisiana toward Opelousas, Louisiana. She was driving a 1989 Nissan Sentra owned by her employer, Acadiana Medical Laboratories and insured by CIGNA. The CIGNA policy provided uninsured motorist (UM) coverage to Acadiana Medical Laboratories. Approximately 1.3 miles east of the Eunice city limits, Patsy LeBlanc rear-ended a road grader owned by the St. Landry Parish Police Jury and driven by David Richard, a Police Jury employee. Patsy LeBlanc and her husband, Patrick, sued the Police Jury, CIGNA and State Farm Insurance Company, her personal UM carrier. State Farm was later dismissed without prejudice from the suit on plaintiffs' own motion.
The Police Jury and CIGNA filed separate motions for summary judgment asserting no material factual dispute in existence and their entitlement to judgment as a matter of law. In support thereof, defendants relied upon the affidavit of the grader operator, Richard. Therein, he stated as follows:
1.
On March 23, 1992 at about 2:20 o'clock p.m. David K. Richard was employed by the St. Landry Parish Police Jury and was operating a 1973 Gallion road grader T500-A-1 on U.S. Highway 190 about 1.3 miles East of the City of Eunice.
2.
Affiant was driving the aforesaid road grader in the right hand lane of U.S. Highway 190 proceeding West. Said grader had fully visible in the proper location to the car of the grader a triangular slow moving vehicle sign as required by Louisiana R.S. 32:377. The whether [sic] was clear and bright.
3.
Without warning the grader driven by affiant was struck from the rear by a 1989 Nissan Sentra operated by Patsy LeBlanc and owned by her employer, Acadiana Medical Laboratories, Ltd. The grader driven by affiant was located totally in the right lane when it was struck by the Nissan and the left Eastbound lane was totally free of any traffic.
Movants also presented the depositions of Richard and Louisiana State Trooper John Fusilier. Richard stated that, at the time of the accident, he was enroute to the Police Jury yard after grading several roads near Eunice. He was traveling in the right lane at approximately 20 mph, which he described as the grader's maximum speed at "full throttle". Traffic was very light. Richard explained that, when driving the grader on a highway in transport mode, he intermittently looks behind the grader to determine if any traffic is approaching. He does this because the rear-view mirror only allows vision up to 10 feet behind the grader. Approximately 25 seconds prior to the impact, he turned his head and saw no vehicles approaching from *616 the rear. Richard stated that his visibility extended back approximately one-half of a mile. Furthermore, Richard said that the grader is equipped with warning lights on top of the cab which blink constantly from the moment the grader ignition key is turned on. Additionally, a triangular orange sign, designating the grader as a slow moving vehicle, is located on the upper left rear corner of the grader.
Trooper Fusiler, who was assigned to investigate the accident, stated the following in deposition: When he arrived at the scene, he noticed the "slow moving" triangle "... easily displayed and visible". Additionally, the lights on the grader cab were flashing at the time he arrived. His investigation revealed no skid marks on the pavement at or near the accident scene, indicating that Patsy LeBlanc did not apply her brakes prior to impact. The plaintiff's vehicle was damaged more on the left side than the right side, indicating to Trooper Fusilier that the presence of the grader came to her attention just prior to impact. He characterized the highway at the point of impact as flat and level with no obstructions to vision. In his opinion, plaintiff's inattentiveness was the sole cause of the accident. He stated that a normally attentive driver could have seen the grader from at least one-quarter of a mile away.
In opposition, plaintiffs presented the affidavits of Patsy LeBlanc and E. Patrick McGuire, a purported safety expert. Patsy LeBlanc's affidavit stated, in pertinent part, as follows:
While on Highway 190, I was traveling behind a large dump truck. I was traveling at 50 miles per hour, and after about 1 or 2 miles, I moved from the left lane to the right lane where a large road grader was positioned. Not realizing that the vehicle was traveling so slow, or that I had gotten so close to the vehicle, I struck the rear of the grader. I never saw the grader until I moved to the right lane. (Emphasis ours)
McGuire stated in his affidavit that the flashing lights atop the grader's cab, being above the plaintiff's visual midpoint and not of the high intensity strobe variety, offered little visual differentiation at 2:20 p.m. on a sunlit day. Additionally, McGuire criticized the location and sunbleached color of the triangular slow-moving vehicle symbol. He also alleged that the symbol failed to comply with La.R.S. 32:377 in that it lacked flourescent paint surrounding the dark red triangle. McGuire concluded that the Police Jury could have significantly reduced the possibility of this type of accident by installing the following: strobe signal lights three to four feet off the road surface, a triangular slow moving vehicle symbol that complied with the applicable standards, rear reflectors, and a long range rear view mirror.
The trial court, in written reasons, after considering the opposing views of the parties, granted summary judgment in favor of the Police Jury and CIGNA. In doing so, the trial judge reasoned that the undisputed material facts reflected that the Police Jury was, in effect, free from fault and that Patsy LeBlanc's inattentiveness was the only cause of the accident.

OPINION
As an appellate court, we review summary judgments de novo under the same standard that governs the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). That standard, provided in La.C.C.P. art. 966(B), is as follows:
The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis ours)
Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). The mover for summary judgment has the burden of establishing that no material facts exist. A "fact" is material if its existence or nonexistence may be essential to plaintiff's cause of action under the *617 applicable theory of recovery. Furthermore, facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989). In evaluating the proof presented, the court is required to closely scrutinize the papers supporting the mover's position while the opposing papers are to be indulgently treated. All proof presented is to be viewed in a light most favorable to the nonmover. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3rd Cir.1992). Summary judgment procedure is not a substitute for trial on the merits, and any reasonable doubt should be resolved against the mover and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
The material facts concerning this accident and how it occurred are not in dispute. Plaintiff, Patsy LeBlanc, struck a 27 foot long road grader from behind on a straight and level stretch of Highway 190 on a clear and sunny day. She had at least one-quarter mile of clear visibility ahead of her vehicle. Photographs of the grader, which were attached as exhibits to the depositions, indicate that it is at least 10 feet tall and, except for its large black tires, is painted entirely in bright yellow. Patsy LeBlanc was clearly not paying the requisite attention to the highway in front of her vehicle.
Louisiana jurisprudence has established a presumption that when a following vehicle rear-ends a vehicle in front of it, the following vehicle is presumed at fault and must prove a lack of fault to avoid liability. Guidry v. Peoples, 534 So.2d 998 (La.App. 3rd Cir.1988). In Guidry, this court reversed the denial of a summary judgment in a rear-end collision case. We determined that the nonmovers failed to rebut the mover's evidence, which was sufficient to indicate no material fact remained in dispute on the negligence issue and that summary judgment was appropriate as a matter of law.
The aforementioned presumption is based upon La.R.S. 32:81(A), which provides:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
To exculpate herself, the following motorist must prove that she kept her vehicle under control, that she closely observed the preceding vehicle, that she followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. Rudd v. United Services Automobile Association, 626 So.2d 568 (La.App. 3rd Cir.1993).
As in Guidry, supra, we find that, in opposing summary judgment, plaintiffs failed to allege facts sufficient to establish a material factual dispute concerning any possible fault attributable to defendants-movers. We fail to discern how, on a clear sunny day with Patsy LeBlanc having at least one-quarter of a mile of visibility, any of the safety enhancements suggested by plaintiffs' expert, could have prevented the accident. Such enhancements would not have markedly increased the grader's visibility in direct sunlight. Viewing the particular facts of this case in a light most favorable to plaintiffs, such alleged enhancements are not "material facts" as that term is defined in the above cited jurisprudence. Accordingly, summary judgment was properly granted in this case.
Costs of this appeal are to be paid by plaintiffs-appellants, Patsy and Patrick LeBlanc.
AFFIRMED.