# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-323

**CAROL ANN ST. JULIAN**

**VERSUS**

**HAROLD WILTZ, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 105995-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**MOTION TO STRIKE GRANTED.
JUDGMENT AFFIRMED.**

**Julian Louis Gibbens**
**Gibbens & Stevens**
**222 W. St. Peter St.**
**New Iberia, LA 70560**
**(318) 367-8451**
**Counsel for Defendants-Appellants:**
**SAIA Motor Freight Line, Inc.**
**Harold Wiltz**
**Discover Property & Casualty Ins. Co.**

**Randal Lee Menard**
**Attorney at Law**
**P. O. Box 80795**
**Lafayette, LA 70598**
**(337) 857-8881**
**Counsel for Plaintiff-Appellee:**
**Carol Ann St. Julian**

**PICKETT, Judge.**

The defendants, Harold Wiltz, his employer, Saia Motor Freight Line, Inc. (Saia Motor), and their insurer, Discovery Property and Casualty Insurance Co. (Discovery) (collectively referred to as "Wiltz"), appeal the trial court's judgment finding Wiltz 100% liable in a vehicular collision and the amount of damages awarded. The plaintiff, Carol St. Julian, has answered the appeal, seeking an increase in the award of general damages and property damages.

### STATEMENT OF THE CASE

The accident in this case occurred on East St. Peter Street in New Iberia, Louisiana. At the point where the accident occurred, East St. Peter is a three-lane, one-way road. St. Julian testified that as she drove her Toyota Camry in the far right lane, the vehicle immediately ahead of her suddenly moved into the center lane of traffic. Before she had an opportunity to stop, she ran into the back of a tractor-trailer that was stopped in the far right lane. The tractor-trailer was owned by Saia Motor and was being driven by Wiltz in the course and scope of his employment. He testified that he had stopped or slowed down significantly in the far right lane and engaged his caution lights in anticipation of making a left turn into a private drive from the far right lane. St. Julian sustained physical injuries, lost wages, and damage to her vehicle as a result of the accident.

St. Julian sued Wiltz, Saia Motor, and their insurer, Discovery, seeking damages for medical injuries, property damages, and pain and suffering. Following a bench trial, the trial court found Wiltz 100% liable for causing the accident. It awarded medical damages of $6,330.84, lost wages of $276.75, property damage of

1

$1,800.00, and general damages of $15,000.00. Wiltz appealed, and St. Julian has answered the appeal.

## ASSIGNMENTS OF ERROR

The defendants-appellants assert three assignments of error:

1.   The trial court erred manifestly in finding that Harold J. Wiltz was solely at fault in causing this accident; also, the trial court improperly condoned the behavior of the plaintiff, Carol Ann St. Julian, and found her free of fault.

2.   The trial court was clearly wrong in rewarding plaintiff with $15,000.00 in general damages.

3.   The trial court's ruling is also plainly flawed by allotting to St. Julian an additional $5,000.00 for medical expenses which had been paid to her by her insurer, State Farm. Plaintiff subrogated to State Farm the sole right to assert that claim when she was paid by State Farm.

Answering the appeal, the plaintiff asserts two assignments of error:

1.   The trial court erred in that the evidence supported an award of $30,000.00 in general damages but the plaintiff was awarded $15,000.00.

2.   The trial court erred in that the evidence supported an award of $2,575.00 for property damage as prayed for by the plaintiff but the plaintiff was awarded $1,800.00.

## DISCUSSION

*Supplemental Record*

Initially we must address a matter of procedure raised by St. Julian. After this matter was appealed and the record prepared, Wiltz made a motion in the trial court to Substitute Correct Evidence Incorrectly Entered. In the motion, Wiltz alleged that they introduced into the record the plaintiff's answers to interrogatories, but they were not included in the record on appeal. Instead, Wiltz's responses to St. Julian's Requests for Production of Documents was incorrectly entered into the record as Defendant's Exhibit Two. The trial court granted the motion, and a supplemental

2

record was filed with this court containing the answers to interrogatories. St. Julian filed a response to the motion in this court alleging that the answers to the interrogatories were not properly introduced in the trial court, thus the document should not be made a part of the record.

Louisiana Code of Civil Procedure Article 2132 states:

> A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

Appellate courts have reviewed the trial court's correction of a record by applying an abuse of discretion standard. *Diamond B Constr. Co., Inc. v. La. Dep't Of Transp. and Dev.*, 00-1583 (La.App. 3 Cir. 12/22/00), 780 So.2d 439, *writ denied*, 01-246 (La. 4/26/01), 790 So.2d 633.

It is clear from the transcript of the trial that Wiltz intended to introduce St. Julian's responses to Wiltz's interrogatories. That document, however, was not made a part of the record. Through some error, Wiltz's responses to St. Julian's request for production of documents was placed in the record. There is no evidence that the trial court considered the correct document in making its ruling, and in fact Wiltz contends that the trial court made an incorrect ruling on the issue of the effect of State Farm's payment $5,000.00 of St. Julian's medical expenses because of his failure to consider the document in question. In the Second Amended Reasons for Judgment, the trial court specifically noted that "[t]here was no evidence introduced at the trial of this matter with regard to any payments made by State Farm Mutual Automobile Insurance Company for payments of medical bills on behalf of plaintiff by anyone other than plaintiff."

3

We find that St. Julian's answers to interrogatories were not properly introduced in the record during the trial of this matter. The trial court abused its discretion in allowing Wiltz to supplement the record with evidence not submitted at trial and not considered by the trial court. The supplemental record is therefore stricken from the record on appeal and will not be considered in this appeal.

*Liability*

The trial court found that Wiltz was 100% liable for the accident. The supreme court discussed the standard of review appropriate to civil cases in *Foley v. Entergy Louisiana, Inc.*, 06-983, pp. 9-10 (La. 11/29/06), 946 So.2d 144, 153-154:

> [A] trial court's factual findings will not be upset unless they are manifestly erroneous or clearly wrong. *Ferrell v. Fireman's Fund Insurance Co.*, 94-1252, pp. 3-4 (La.2/20/95), 650 So.2d 742, 745. Under this rule, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Stobart v. State, Department of Transportation & Development*, 617 So.2d 880, 882 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* at 882-883.
>
> When the findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the findings of fact, for only the fact finder is cognizant of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, a reviewing court may well find manifest error even in a finding purportedly based upon a credibility determination. *Id.* Where such factors are not present, however, and a fact finder's determination is based on its decision to credit the testimony of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. *Id.* The rule that questions of credibility are for the trier of fact applies equally to the evaluation of expert testimony, including the evaluation and resolution of conflicts in expert testimony. *Lasyone v. Kansas City Southern Railroad*, 00-2628, p. 13 (La.4/3/01), 786 So.2d 682, 693.

4

These standards for manifest error review are not new. These standards are the guiding principles that aid our review of a trial court's factual determinations. A manifest error review is applicable to the fact-driven determinations presented in this case, including the finding of percentages of fault by the trier of fact. *Clement v. Frey*, 95-1119, p. 7 (La.1/16/96), 666 So.2d 607, 610.

Louisiana Revised Statutes 32:81(A) states, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." "Louisiana jurisprudence has established a presumption that when a following vehicle rear-ends a vehicle in front of it, the following vehicle is presumed at fault and must prove a lack of fault to avoid liability." *LeBlanc v. St. Landry Parish Police Jury*, 94-501, p. 6 (La.App. 3 Cir. 12/7/94), 647 So.2d 614, 617. "To exculpate herself, the following motorist must prove that she kept her vehicle under control, that she closely observed the preceding vehicle, that she followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid." *Id.*

Only St. Julian testified about how the accident happened. She was proceeding on East St. Peter in the far right lane. The vehicle immediately in front of her obstructed her view, so she could not see the Saia truck until right before she hit it. She had been traveling behind the vehicle for several blocks. She knows that at some point there was another vehicle behind the Saia truck that turned right into a private drive before the accident. She did not see that vehicle until it turned. She was going about forty miles per hour and was about a car length behind the vehicle in front of her. Suddenly, the vehicle in front of her swerved into the center lane of traffic. That is the first time she saw the Saia truck. It was stopped in the far right lane and had no signals flashing. She could not go to the left to avert the truck

5

because there was another vehicle in that lane, and she could not veer to the right because there was a ditch.

Wiltz testified that he was stopped or nearly stopped in the far right lane. He claimed he had his warning lights flashing. He admitted that he was waiting for traffic to clear so that he could make a left turn from the far right lane into a narrow private driveway. He knew that such a turn was illegal, but stated it was the only way for him to get into the driveway.

The trial court found that St. Julian successfully rebutted the presumption that she was at fault by proving that Wiltz created a hazard in that he was preparing to make an illegal left turn in violation of La.R.S. 32:71(B) and he was impeding the free use of the roadway in violation of La.R.S. 14:100.1.

We find that the evidence supports the finding of the trial court. The trial court was not manifestly erroneous, and the finding of the trial court on this issue of liability is affirmed.

*General Damages*

> General damages are speculative in nature and, thus, are incapable of being fixed with any mathematical certainty. *Wainwright v. Fontenot*, 00-492 (La.10/17/00), 774 So.2d 70. They include pain and suffering, physical impairment and disability, and loss of enjoyment of life. *Id.* As they are speculative, a trial court's award of such damages is reviewed in light of the standard set forth in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). First, we determine if the trial court's award for the particular injury and its effect under the particular circumstances on this plaintiff is a clear abuse of the trial court's "much discretion." *Id.* at 1260. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id.* at 1261.

6

*Bennet v. City of New Iberia*, 08-1369, pp. 7-8 (La.App. 3 Cir. 4/1/09), 7 So.3d 822, 827-28.

Both parties argue that the general damages award of $15,000.00 should be reversed. The trial court found that the evidence showed that St. Julian suffered an injury to her ribs and shoulder. While she later complained of lower back pain, the trial court found the back pain was not a result of the accident. She missed one week of work. Doctors had cleared her to return to regular activities within eight months of the accident. At the time of trial three years after the accident, she still complained of some shoulder pain.

We find no abuse of the trial court's great discretion in awarding general damages of $15,000.00. Wiltz's second assignment of error and St. Julian's first assignment of error lack merit.

*Medical Expenses*

Wiltz alleges in his third assignment of error that the trial court erred in failing to reduce the amount of medical expenses awarded by $5,000.00, the amount paid by State Farm pursuant to a policy of insurance issued to St. Julian. Wiltz correctly argues that the collateral source rule does not apply when the insurance policy which paid part of the debt owed by the tortfeasor includes a subrogation clause. *See Great West Cas. Co. v. State ex rel. Dep't of Transp. and Dev.*, 06-1776 (La.App. 1 Cir. 3/28/07), 960 So.2d 973, *writ denied*, 07-1227 (La. 9/14/07), 963 So.2d 1005. The parties stipulated at trial that the State Farm policy included a subrogation clause. The trial court found that there was no evidence that State Farm paid any of the bills of St. Julian. We agree. The trial court record does not contain proof that State Farm

7

paid any of St. Julian's medical bills pursuant to their insurance policy. The trial court's judgment is affirmed.

*Property Damage*

In her second assignment of error, St. Julian argues the trial court erred in awarding $1,800.00 for the damage to her vehicle rather than $2,575.00. The evidence supports a finding that the vehicle was totally destroyed in the accident. There was no appraisal or estimate of repairs introduced. The only evidence in the record are pictures of the vehicle before and after the wreck, a printout from the National Automobile Dealers Association website indicating a range of values for a 1990 Toyota Camry LE, and St. Julian's testimony that the car was in good condition prior to the accident. The trial court's award of $1,800.00 was based on the average retail price as of July 11, 2005. Given the meager evidence which was presented to support this element of damages, we cannot find that the trial court committed manifest error in its award.

## CONCLUSION

The trial court's order supplementing the record is reversed, and the supplemental record is stricken. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are cast equally between the Wiltz defendants and St. Julian.

**MOTION TO STRIKE GRANTED.**

**JUDGMENT AFFIRMED.**