310 So.2d 132 (1975)
Joseph RIZZUTO and Johanna Rizzuto
v.
Wesley BRACAMONTES and Security Insurance Company of Hartford, Connecticut.
No. 6721.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Rehearing Denied April 15, 1975.
*133 Forrest L. Bethay, Sr., Charles R. Maloney, New Orleans, for plaintiffs-appellants.
George J. Dowd, Chalmette, Bienvenu & Culver, Robert N. Ryan, Frederick R. Campbell, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and MORIAL, JJ.
MORIAL, Judge.
Plaintiffs appeal a decision of the district court dismissing their suit for damages. Defendants answer the appeal seeking recovery for the damages to the Bracamontes' vehicle.
The Rizzutos filed this suit for damages against Wesley Bracamontes and Security Insurance Company of Hartford, Connecticut. Defendant answered plaintiffs' suit and filed a reconventional demand seeking recovery for damages to the Bracamontes vehicle.
In dismissing the plaintiffs' suit and the defendants' reconventional demand the district court made the following findings:
"* * * The plaintiff Johanna Rizzuto was driving the community automobile in a northerly direction on Paris Road *134 proceeding lakebound said site being open two-lane highway without intersecting streets and control signals. The Rizzuto automobile was being followed by an automobile driven by the defendant Wesley Bracamontes, which in turn was followed by a Louisiana Highway Department vehicle driven by one John Wallace with Frank Fischer as a passenger, both being highway employees and witnesses for the defendant.
"The Court determined that all vehicles were traveling at approximately 30 M.P. H., well within the speed limit at the site of the accident, when Mrs. Rizzuto lost control over her vehicle which skidded sideways in the highway, whereupon it was struck by the right front of the Bracamontes vehicle who could not stop in time to avoid the accident. It was evident that a line of traffic was approaching from the opposite direction both at the time of the accident and some time prior to the accident. It was also evident that Mrs. Rizzuto was traveling at a speed which was prompting both the Bracamontes and Wallace vehicles to position themselves in a passing posture to pass when the opportunity arose. Without warning the Rizzuto vehicle skidded and turned sideways in the highway. The Court found Mrs. Rizzuto very reluctant or unable to furnish a reason for her sudden loss of control over the vehicle and such point was not established for the Court by the only party able to establish it. The Court could only be satisfied with the conclusion that the loss of control did happen and it was sudden and without warning to the following automobile and it could only be from the lack of proper control by the plaintiff or a defective condition of the vehicle.
"Under the circumstances the Court found that a sudden emergency was created which the defendant Bracamontes was unable to avoid. The Court found that the plaintiff was negligent in not maintaining proper control over her vehicle and the defendant Wesley Bracamontes contributorily negligent in not maintaining a safe distance between himself and the Rizzuto vehicle ahead of him. Under the rainy driving conditions that were prevailing, Mr. Bracamontes should have been maintaining a greater interval between himself and the preceding Rizzuto vehicle. Accordingly, since both parties were contributorily negligent, both the original demand and demand in reconvention were denied."
Johanna Rizzuto was traveling toward the lake or in a notherly direction on Louisiana Highway No. 47 in the rain on March 11, 1970. Defendant Bracamontes had been following the Rizzuto vehicle several blocks. Here the agreement as to the facts ends. From this point Mrs. Rizzuto and Bracamontes each give a different version of the facts.
Johanna Rizzuto's version is that she was driving down Paris Road. It was raining hard and she decided to pull to the right of the road. As she pulled to the right, the defendant hit her in the rear and turned her vehicle completely around. She never lost control of her car and was going about 10 mph when she decided to pull to the right side of the road.
It was Bracamontes version of the facts that he was following plaintiff for some time at a distance of two or three car lengths. Suddenly and without warning the Rizzuto vehicle spun out of control and came to a stop blocking the path of his vehicle. He applied his brakes; however, his vehicle skidded and struck the Rizzuto vehicle near the right rear wheel.
Deputy Joseph P. Swan of the St. Bernard Parish Sheriff's Office who investigated the accident gave testimony contrary to Johanna Rizzuto. He stated she told him she hit a puddle of water and applied the brakes causing her vehicle to veer to the right. He further testified that this was a "sudden thing that was caused accidentally."
Frank P. Fischer of the Louisiana Department of Highways who was riding in a *135 1969 Dodge van directly behind the defendant's car testified. He stated that the van sits "kind of high" and that he had a clear view of the accident. He testified that they were riding down Paris Road about 30 or 35 mph when he saw the plaintiff's car weave a little bit and then spin sideways across the highway blocking the lane.
John R. Wallace who was driving the Highway Department van also testified. He stated that he was doing around 35 mph in the 60 mile zone along the two lane road (Paris Ave.). He testified that the plaintiff's car spun out of control and the car turned sideways blocking the lane and the Plymouth (Bracamontes' vehicle) slammed on the brakes trying to stop but hit the right back end of plaintiff's vehicle.
Plaintiffs argue that the proximate cause of the accident was the negligence of the defendant in following too closely. Defendant contends that the negligence of Johanna Rizzuto in losing control of her vehicle and suddenly and without warning blocking the roadway was the proximate cause of the accident.
With the district court's finding of negligence on the part of Mrs. Rizzuto we are in accord. We, therefore, find that the proximate cause of the accident was the negligence of Mrs. Rizzuto in losing control of her vehicle and bringing it to a sudden stop in front of the Bracamontes car without giving any signal.
We find no basis for concluding that Bracamontes was contributorily negligent. He was proceeding behind Mrs. Rizzuto at a rate of speed sufficiently below the legal limit and at a reasonable distance. From his standpoint, the action of Mrs. Rizzuto was wholly unexpected. He was thus confronted with a sudden emergency. He nevertheless applied his brakes in an effort to avoid the collision. It is not shown that he could have taken more effective evasive action, but failed to do so. The sudden and abrupt manner of the occurrence afforded him neither time nor opportunity to do more. Bracamontes had a right to assume that Johanna Rizzuto would use every precaution when stopping suddenly to avoid oncoming traffic from the rear.
Failure to maintain a specified distance between automobiles does not of itself constitute negligence. A driver is entitled to rely upon the assumption that the car ahead is being driven with care and caution and in accordance with the law of the road and that the driver thereof will not commit acts of negligence which will endanger a following vehicle. We have recognized and approved the rule that a following driver should drive at such speed and maintain such an interval as would enable him to avoid a collision with a leading car under circumstances which should reasonably be anticipated. Hill v. Knight, 163 So. 727 (La.App. 2 Cir., 1935). Arceneaux v. German, 207 So.2d 244 (La. App. 1 Cir., 1968). This rule is thus tersely and appropriately stated in American Jurisprudence, 5A, Section 204, page 354:
"The driver of an automobile is not bound to anticipate negligence on the part of another driver, in the absence of anything to indicate otherwise. The care and diligence of the operator of a motor vehicle is to be measured in view of the assumption that others will not drive in a negligent manner, but this assumption does not apply if one sees, or by the exercise of ordinary care and prudence should see, that some other driver will not obey the law, or is unable to do so."
We believe that while the driver of the following vehicle is charged with driving at a distance so as to have his vehicle under control to avoid foreseeable dangers and emergencies, he is not to be charged with anticipating such an emergency as presented itself here.
For the foregoing reasons the judgment of the district court dismissing plaintiffs' *136 suit is affirmed; the judgment dismissing defendants' reconventional demand is reversed and set aside and there is judgment in favor of Wesley Bracamontes in the sum of $100.00 and in favor of Security Insurance Company of Hartford, Connecticut in the sum of $137.35, all with legal interest from date of judicial demand until paid, against plaintiff-defendant in reconvention, Johanna Rizzuto. All costs are taxed against the plaintiffs-defendants in reconvention.
Affirmed in part, reversed in part.