626 So.2d 568 (1993)
Lois RUDD, et vir., Plaintiff-Appellee,
v.
UNITED SERVICES AUTOMOBILE ASSN., et al., Defendants-Appellants.
No. 93-48.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*569 Charles A. "Sam" Jones III, De Ridder, David O'Shee Walker, Alexandria, for Lois Rudd, et vir.
John C. Pickels, Alexandria, for United Services Auto. Ass'n.
David A. Hughes, Alexandria, for James Pagano.
Before YELVERTON, KNOLL and THIBODEAUX, JJ.
KNOLL, Judge.
This appeal addresses the propriety of the trial court's granting of a motion for summary judgment on the issue of liability in a case involving a rear end automobile collision. Lois Rudd and her husband, Richard, individually and on behalf of their two minor children, sued their uninsured motorist carrier, United Services Automobile Association (United), and moved for summary judgment on the issue of liability only. After reviewing the pleadings and the depositions of Lois Rudd and James L. Pagano, Jr., the driver of the vehicle which rear-ended the Rudd automobile, the trial court granted the Rudds's motion for summary judgment, finding United liable.
On appeal, United contends that the trial court improperly granted the motion for summary judgment, arguing that there is a dispute as to liability which is supported by the depositions of the parties.

FACTS
In its written reasons for judgment the learned trial court succinctly summarized the facts as follows:
"This suit ... arises out of a rear end collision which occurred on September 19, 1989, on UP 8000, commonly referred to as Entrance Road, in Vernon Parish, Louisiana. By agreement, counsel submitted the motion on the pleadings, the depositions of plaintiff, Mrs. Lois Rudd, and the deposition of James Lawrence Pagano, Jr., taken September 24, 1991. The claims against James Pagano, Sr. and his insurer were settled and dismissed so that the only remaining defendant is United Services Automobile Association, the insurer of plaintiffs under the under-insurance provisions of its policy.
Mrs. Rudd was driving a 1986 Buick Park Avenue; James Pagano, Jr., then 16, was driving a 1981 Chevrolet Citation. Both were traveling in a westerly direction. The Pagano vehicle, which was traveling directly behind, rear ended the Buick.
Mrs. Rudd testified that she had stopped her vehicle because other vehicles in front of her had stopped ... Testimony of both drivers show that it had been raining and that the highway was somewhat slippery. Immediately prior to impact young Pagano was going about 35 miles per hour." (Footnote omitted.)

SUMMARY JUDGMENT
United contends that the trial court improperly granted the motion for summary judgment. It argues that the trial court did not resolve all factual doubt against the mover and, instead, weighed the evidence and granted the summary judgment where there was a dispute as to facts.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(B). Summary judgment may be rendered on the issue of liability although the amount of damages may be disputed. LSA-C.C.P. Art. 966(C). The burden of showing that there is no genuine issue of material facts and that the mover is entitled to judgment as a matter of law is upon the mover, and all doubt must be resolved against the mover and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The duty of a following motorist is set forth in LSA-R.S. 32:81(A) which provides:
"The driver of a motor vehicle shall not follow another vehicle more closely than is *570 reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
It is firmly established that the operator of a following vehicle is required to keep his car under control, to observe closely a forward vehicle, and to follow at a safe distance. If a rear end collision occurs, the following motorist is presumed negligent. State Farm Mut. Auto. Ins. Co. v. Hoerner, 426 So.2d 205 (La.App. 4th Cir.1983), writ denied, 433 So.2d 154 (La.1983). For the following motorist who collides with a preceding vehicle to exculpate himself, he must show that he kept his vehicle under control, that he closely observed the forward vehicle, that he followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. Id.
Mrs. Rudd testified as follows:
"Q. Do you know how fast you were going [at the time of the accident]?
A. I was stopped.
Q. Tell me what you recall happening.
A. Well, I had  I was stopped for the cars in front of me and then all of a sudden this car hit me from behind."
James Pagano, Jr. testified as follows:
"Q. The accident happened about 4:00 o'clock in the afternoon?
A. Yes, sir.
Q. It had been drizzling that day, or raining?
A. Raining.
Q. The pavement was wet?
A. Yes.
Q. You definitely believe that the weather was a factor in this accident, is that correct?
A. Yes.
Q. Nothing obstructing your view immediately prior to this accident, is that correct?
A. No. Yes, correct.
Q. Immediately before the accident you took your eyes off the road, is that correct?
A. Yes."
Pagano further testified that Mrs. Rudd slammed on her brakes. He stated:
"Q. Did you ever make the statement that the woman in front of you slammed on her brakes?
A. Yes.
Q. Who did you tell that to?
A. The investigating officer and the insurance agent.
Q. Did you question also why he gave you a citation?
A. Yes, I do.
Q. And what did he tell you?
A. He told me that by Louisiana law, because I had hit from behind, I was at fault.
Q. Did you tell him anything about her slamming on her brakes?
A. Yes, I did.
Q. What leads you to believe that she slammed on her brakes?
A. Her tail end lifted.
Q. When did you see her tail end lift?
A. As I was sliding into her.
Q. Was that the first time that you saw brake lights?
A. Yes, sir.
Q. Had you made contact with her when you saw the brake lights?
A. I believe it was all within a fraction of time. It was just all at the same time. I may have been making contact with her as I saw the lights.
Q. Immediately before contact you had taken your eyes off the road, isn't that correct?
A. Yes."
After carefully reviewing the depositions and resolving all doubt against the mover, we find that there was a genuine issue of material fact which precluded the entry of summary judgment. In particular, the depositions show conflicting testimony about whether Lois Rudd slammed on her brakes just before the accident. Under the above cited jurisprudence, liability may not all rest on Pagano, the following driver, if the trier of fact concludes that the lead driver, Rudd, created a hazard, i.e., slamming on her *571 brakes, which could not be avoided. It is clear that the trial court went beyond this preliminary analysis by resolving this contested material fact rather than submitting the issue for a trial on the merits. Therefore, we reverse the judgment of the trial court and remand the case for a trial on the merits.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. Costs of this appeal are assessed to Lois Rudd.
REVERSED AND REMANDED.