652 So.2d 133 (1995)
Gerald SHAW, Plaintiff-Appellee,
v.
Benjamin F. RUSSELL & State Farm Mutual Automobile Insurance Company, Defendants-Appellants.
No. 26618-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 1995.
*134 Crawford & Anzelmo by Brian E. Crawford and Susan N. Belsom, Monroe, for appellants.
William E. Armstrong, Monroe, for appellee.
Before MARVIN, HIGHTOWER and WILLIAMS, JJ.
MARVIN, Chief Judge.
In this action for damages arising when defendant Russell's van backed into the side of a slowly moving city bus, the defendants appeal a judgment awarding almost $23,000 to Gerald Shaw, the bus driver. Primarily contending the trial court was clearly wrong in finding the accident caused any injury, defendants contend in the alternative that the general damage award of $15,000 is excessive and an abuse of the court's discretion. Shaw answered the appeal seeking to have the general damage award increased.
Adopting and appending the trial court's reasons for judgment, we affirm.

FACTS
The accident occurred October 3, 1992, when Russell backed his Chevrolet van into the bus that was proceeding westerly on Louisville Avenue in Monroe. The bus did not swerve or change lanes but stopped a short distance past the point of impact when Shaw, reacting to the impact, jammed on his brakes. Damage to the van included small dents underneath the right taillight, a dented spare tire cover, broken stepladder and a bowed back door. Photographs show dark scratches from the middle of the bus to the back door. That part of the bus was repainted and a small plastic cover was replaced.
At the scene shortly after the accident on October 3, 1992, Shaw told his supervisor and a police officer that he was not injured. Apparently none of the bus passengers were injured. Later that day, Shaw went to a Monroe hospital complaining of pain in his left knee. An x-ray showed calcification resulting from an old injury, but no misalignment of the knee. The emergency room doctor prescribed a mild analgesic and released Shaw.
On October 6, 1992, Shaw complained to Dr. Patterson, his family physician, of pain in his left knee, neck and low back. Diagnosing Shaw with strains of the knee, neck and back, Dr. Patterson prescribed anti-inflammatory and pain medicine and placed Shaw on moist heat and shortwave diathermy therapy. Shaw underwent 30 therapy treatments, after which Dr. Patterson thought the neck and back strains had healed. Because Shaw continued to complain of knee pain, Dr. Patterson referred him to an orthopedic surgeon, Dr. Hand.
Dr. Hand found that Shaw suffered from chondromalacia, a roughening of the cartilage behind the kneecap, and synovitis, inflammation of the tissue lining the knee joint. On November 5, 1992, Dr. Hand performed arthroscopic surgery on Shaw's knee to repair these problems. Shaw missed one week of work recuperating. Dr. Hand opined that Shaw had a 10 percent permanent physical impairment and loss of physical function to his left leg and that more probably than not his injuries and residual effects were caused by the October 3, 1992, accident.
In addition to cross-examination of the two doctors, defendants emphasized that Shaw was wearing a seat belt and could not have struck his knee on any part of the bus as Shaw had stated, and that Dr. Hand acknowledged that if Shaw's knee hit the dashboard of the bus he would have immediately *135 suffered acute pain and discomfort. Defendants also rely on the fact that Shaw had been in five accidents between June 16, 1986, and December 13, 1991, after each of which he complained of neck and low back pain, and procured monetary settlements from liability insurers in four of the five incidents.

TRIAL COURT FINDINGS
On the above arguments, made here and in the trial court, defendants claim that Shaw simply did not meet his burden of proof that his knee, back and neck injuries were caused by the October 3, 1992, "very minor accident," as the trial court labeled it. From the reasons for judgment given below, which we append to this opinion, we note these statements by Judge Kostelka:
[D]efendants ... vehemently contested causation [of injuries] and any damages
. . .
The issue ... is whether or not plaintiff, by a preponderance of the evidence proved he sustained injuries to his knee and/or neck and back in the relatively minor ... accident ... Defendants make strong persuasive arguments attacking the credibility of the plaintiff ... the credibility of Dr. Patterson ... and finally elicited from Dr. Hand that ... plaintiff ... should have had immediate complaints of pain [from] such a [knee injury, which] ... would normally require a serious impact.
This court has reviewed all of the medical evidence ... particularly the trial depositions of Drs. Patterson and Hand.... [T]his court was given no real evidence to traverse either the findings of Dr. Patterson or [his] regimen of treatment ... Likewise, under rigorous cross-examination, Dr. Hand repeatedly stated that, more probably than not, the condition for which he treated plaintiff's knee was, more likely than not, caused by the ... collision.... [D]efendants' evidence is simply not strong enough to completely discount plaintiff's testimony and the testimony of the treating doctors, all of which amounts to proof of plaintiff's claim by the mere preponderance of the evidence which is all the law requires.
The trial court awarded $412.80 in lost wages, $7,570.92 in medical expenses and $15,000 in general damages. Defendants' motion for new trial was denied by the trial court.

CAUSE OF INJURIES
The trial court's findings on the factual issue of causation cannot be disturbed unless they are clearly wrong. Simpson v. Caddo Parish School Bd., 540 So.2d 997 (La. App.2d Cir.1989). The fact that the collision was "relatively minor" does not preclude a finding that the plaintiff's injuries were caused by the accident if that finding is reasonably supported by the lay and medical evidence. Simpson, supra.
Our task as a reviewing court is not to assess whether the trial court's factual findings are right or wrong in an absolute sense, nor to determine whether this court or another trier of fact might reasonably reach a different conclusion from the same evidence, but solely to ask whether this factfinder's resolution of the conflicting evidence was reasonable, in light of the record as a whole. Freeman v. Poulan/Weed Eater, 93-1530 (La. 1/14/94), 630 So.2d 733.
After considering defendants' "strong persuasive arguments" on the causation issue, and particularly their thorough cross-examination of Shaw and his doctors, the trial court found the lay and medical evidence sufficient to prove that Shaw's injuries, more probably than not, were caused by the accident. The finding of causation is reasonable on this record and must be affirmed, notwithstanding that we, or another trier of fact, may have reached a different factual conclusion from the same evidence. Freeman; Simpson, cited supra.

GENERAL DAMAGE AWARD
In reviewing an award of general damages, an appellate court may not simply decide what it considers to be an appropriate award. The initial inquiry is whether the award for the particular injuries and their residual effect on the particular plaintiff is a clear abuse of the trial court's "much discretion." At this juncture in the analysis, we *136 may consider the mass of prior awards for truly similar injuries, but not isolated past awards, whether high or low. If our initial inquiry discloses no articulable abuse of the trial court's discretion, we must affirm the award. We consider selected past awards only if we find an abuse of discretion, and then for the limited purpose of determining the highest or lowest amount which is reasonably within the trial court's discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The requirement of an articulated basis for disturbing general damage awards gives little guidance as to what articulation suffices to justify modification of an excessively high or low award. Nevertheless, the discretion vested in the trier of fact is great, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. The appellate court should increase or reduce the award only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the specific injuries on the particular plaintiff. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993); Reid v. State Through DOTD, 25,778, 25,780 (La.App. 2d Cir. 5/4/94), 637 So.2d 618, writ denied.
The trial court awarded the 28year-old Shaw $15,000 in general damages, primarily for his knee injury, which was surgically treated and which is expected to cause arthritis in Shaw's knee joint as he ages, according to Dr. Hand. The court also considered Shaw's neck and back injuries, which apparently responded well to short-term conservative treatment, in making the award.
Although the $15,000 award is in the upper range of awards for similar injuries to other persons in the reported cases, we cannot say the trial court abused its great discretion in assessing general damages. Likewise, we do not increase the award as urged in plaintiff's answer to defendants' appeal.

DECREE
At the cost of defendants, we affirm the judgment.
HIGHTOWER, J., dissents with written reasons.

APPENDIX

State of Louisiana

Parish of Ouachita

Fourth District Court.

Gerald Shaw,

vs.

Benjamin F. Russell and Farm Mutual Automobile Insurance Company.

No. 93-0600.
 FILED: October 12, 1993
 /s/ Carla Wright
 DEPUTY CLERK OF COURT

REASONS FOR JUDGMENT
Plaintiff, as operator of a large bus owned by Monroe Transit System, was involved in a very minor accident with defendant, Russell, on or about October 3, 1992. The accident occurred when defendant, Russell, backed his Chevrolet van automobile into the side of plaintiff's passing bus. All evidence and testimony show that this was a very minor collision resulting in comparatively minor damages to both vehicles. In fact, the bus operated by plaintiff was brought to a normal stop. There were no injuries claimed by any of the few passengers on the bus except possibly one unsubstantiated claim. Immediately following the accident, the plaintiff, himself, did not complain to the investigating Monroe Police officer of any injury. However, the plaintiff reported later the same day to North Monroe Hospital alleging that he had struck his left knee against the dash of the bus and was experiencing pain upon walking. At that time, x-rays showed no injury and the report indicated no noticeable swelling. The medical report signed by Dr. Clinton Guillory of North Monroe Hospital indicates that the plaintiff made no other complaints except concerning his knee. Dr. *137 Guillory's report states "he denies pain in the hip or anywhere else."
On October 6, 1992, the plaintiff reported to Dr. J.D. Patterson and then complained that he had been thrown forward in his seat in the accident and that his upper body had struck the steering wheel, as well as his left knee striking the dashboard of the bus. Dr. Patterson's initial examination purportedly found "mild spasms ... at the neck base..." and "prepatellar edema noted on palpation" of the left knee. Dr. Patterson then started the plaintiff on a long series of therapy treatment "for the neck, back and iliac regions."
On October 13, 1992, the plaintiff saw Dr. C.R. Hand concerning the complaints of his left knee and later underwent surgery to the knee by Dr. Hand.
There was no dispute about the cause of the accident and the liability of defendant, Russell, for the accident. However, the defendants, Russell and his insurer, vehemently contested causation and any damages claimed by plaintiff. Defendants attacked the credibility of plaintiff claiming that he had made several claims against insurers in the past for the same or similar injuries resulting from other accidental collisions while being the operator of a Monroe Transit System bus, and that plaintiff could not have been injured in the very minor automobile collision with defendant.
The issue thus presented to the court is whether or not plaintiff, by a preponderance of the evidence, proved that he sustained injuries to his knee and/or neck and back in the relatively minor automobile accident of October 3, 1992. Defendants make strong persuasive arguments attacking the credibility of the plaintiff. Defendants point to the fact that the plaintiff made no mention of any injury immediately following the accident and that the accident was so minor it could not have caused the injuries of which he later complained. Defendants show that the plaintiff was required to wear a seatbelt and was indeed wearing a seatbelt, and thus, he would not have struck the steering wheel nor his knee against the dashboard or any other structure of the bus upon such a minor impact. The defendants point to some discrepancies in the medical exams and histories, such as there being no recordation of swelling to the knee by the North Monroe Hospital records and no complaint by plaintiff of any other pain or discomfort in that hospital's report. Defendants also, apparently, question the credibility of Dr. Patterson and the necessity for the series of therapy treatments he prescribed for the plaintiff. Defendants questioned Dr. Patterson about his prior treatment of plaintiff and prior complaints of injury by plaintiff, but those prior medical reports were not placed in evidence. Defendants also thoroughly cross-examined Dr. Hand during his trial deposition and finally elicited from Dr. Hand the statement that if plaintiff had indeed received injury to his left knee in the automobile accident, he should have had immediate complaints of pain and discomfort and that such an injury would normally require a serious impact.
This court has reviewed all of the medical evidence and particularly the trial depositions of Drs. Patterson and Hand. While this court, too, questions the necessity of Dr. Patterson's regimen of therapy treatment to the plaintiff for what appeared relatively minor complaints, nevertheless, Dr. Patterson testified that he noted mild spasm which is an objective sign of injury or trauma and this court was given no real evidence to traverse either the findings of Dr. Patterson or the regimen of treatment he prescribed. Likewise, under rigorous cross-examination, Dr. Hand repeatedly stated that, more probably than not, the condition for which he treated plaintiff's knee was, more likely than not, caused by the automobile collision. Even though there is evidence of prior injury to plaintiff's knee, and even though there are doubts concerning the traumatic force of the described and admitted automobile accident, defendants' evidence is simply not strong enough to completely discount plaintiff's testimony and the testimony of the treating doctors, all of which amounts to proof of plaintiff's claim by the mere preponderance of the evidence which is all the law requires.
Defendants did not question the authenticity of the medical bills and statement for lost *138 wages entered into evidence by plaintiff and, having found that plaintiff has proved his claim by a preponderance of the evidence, the plaintiff would be entitled to a judgment including all of these medical expenses and his claim of lost earnings in the amount of $412.80. As stated, this court, too, questions the necessity for the regimen of treatment provided by Dr. Patterson for plaintiff, but defendants' evidence does not rise to a level to render that treatment unreasonable or tendered in bad faith. The plaintiff did undergo the treatment afforded by Dr. Patterson and the treatment and surgery afforded by Dr. Hand. According to Dr. Hand, he has been left with an estimated ten (10%) percent disability of the leg due to expected future arthritis in the knee joint. This court requested both counsel to brief the issue of general damages. Defendant did not choose to brief that issue and although plaintiff cited several cases, in brief plaintiff seeks at one point a judgment of $25,000.00 for general damages and at another point $50,000.00 for general damages. After review of all the medical evidence and considering the knee and knee surgery to be the most serious of plaintiff's complaints, this court would grant the total sum of $15,000.00 in general damages.
A judgment commensurate with these Reasons will be signed when properly presented in accordance with the rules of this court.
MONROE, LOUISIANA this 12th day of October, 1993.
 /s/ Robert W. Kostelka
 ROBERT W. KOSTELKA,
 JUDGE
 DIVISION A
HIGHTOWER, Judge, dissenting.
I respectfully dissent. The evidence not only clearly reflects pre-existing conditions, but also plaintiff's multiple similar claims during the preceding six years, resulting in repeated settlements with insurance companies. Moreover, the record does not show that the severity and duration of the alleged injuries stemmed from the very slight impact to the bus occurring on October 3, 1992, under the conditions disclosed.
This judgment, including an excessive general damage award, should not be affirmed.