748 So.2d 584 (1999)
Woodson Joel CLARK, Plaintiff-Appellant,
v.
Charles NATT, et al., Defendants-Appellees.
No. 32,548-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
*585 Bruscato, Tramontana & Wolleson by Anthony J. Bruscato, Monroe, Counsel for Appellant.
Deal & Cook by: Philip T. Deal, Monroe, Counsel for Appellees.
Before CARAWAY, PEATROSS, KOSTELKA, JJ.
KOSTELKA, J.
In this suit to recover damages sustained in an automobile accident, plaintiff appeals the trial court judgment concluding that defendant was not at fault and dismissing the suit with prejudice. Finding no error, we affirm.

Factual Background
On the evening of January 12, 1997, when unable to stop his automobile in time, defendant, Charles Natt, struck the rear-end of a truck operated by plaintiff, Woodson Clark. Before that collision, however, another accident had blocked traffic in the southbound lanes near the base of a steep overpass on U.S. Highway 165 in Monroe. Accordingly, Clark had brought his vehicle to an emergency stop due to the preceding accident which blocked the southbound lanes.
Jimmy Rouse, driving a Chevrolet Suburban, was the first to arrive at the accident scene after the initial accident. Noticing the collision, he was able to bring his vehicle to a stop, but only a short distance from the cars ahead of him. Within a short time, Vera Davis reached the top of *586 the overpass. She, too, then observed the vehicles stopped in front of her. Upon braking, she discovered that the overpass was coated with ice. She was unable to stop her Nissan Stanza before striking the rear bumper of Rouse's Suburban. Next to arrive on the scene was plaintiff, who also did not detect any ice on the roadway until he reached the top of the overpass. Plaintiff attributes his ability to stop his Ford pickup truck before hitting Davis's Stanza to his professional training and experience as a tractor-trailer driver. Finally, defendant arrived at the scene, traveling approximately forty miles per hour. Like the other drivers, he was unable to see the cars stopped near the base of the overpass nor could he perceive the ice on the highway until he attempted to stop his Toyota Avalon. Defendant applied his brakes but his car did not stop. He attempted evasive maneuvers but, nevertheless, struck the rear of plaintiffs pickup with the side of his Avalon.
Plaintiff filed suit against defendant to recover damages for alleged injuries sustained in the accident. After a trial on the merits, the lower court concluded that defendant had discharged his duty to act in a reasonable and prudent manner under the circumstances. Particularly, the judge determined that defendant had no reason to anticipate the icy conditions of the overpass that evening. In oral reasons, the trial court stated: "Given the totality of the testimony today, the Court finds that in all respects, Mr. Natt acted reasonably and prudently when operating his vehicle." Plaintiff appeals the dismissal of his case.

Discussion
La. R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway. A following motorist in a rear-end collision is presumed to have breached this duty; accordingly, there is a rebuttable presumption that he is negligent. Boggs v. Voss, 31,965 (La.App.2d Cir.06/16/99), 741 So.2d 139.
And, even though a motorist may assume that the road ahead is safe for travel, he must, when traveling after darkness, or in circumstances of limited or impaired visibility, observe and so control his vehicle as to avoid discernable objects in his path of travel; that is, in adverse conditions, a greater degree of care must be exercised. This rule, however, is subject to the well-established exception that a night driver is not charged with the duty of guarding against unusual or unexpected obstructions which he had no reason to anticipate he would encounter on the highway and which, under the circumstances, are difficult to discover. Jackson v. Scott Truck & Tractor, Inc., 31,933 (La.App.2d Cir.05/05/99), 736 So.2d 987.
Under the sudden emergency doctrine, one who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence. Jackson, supra. Said another way, if a motorist has exercised ordinary care as required by law (or the highest degree of care as may be required), and has nevertheless inflicted injury on another, the accident is said to be inevitable, for which no liability attaches. Welch v. State, DOTD, 93-1134 (La.App. 3d Cir.05/04/94), 640 So.2d 596, writ denied, 94-1452 (La.09/23/94), 642 So.2d 1293.
Approximately one hour prior to the accident, defendant and his wife had traveled this same roadway on their way to the grocery store. On that trip, they did not encounter any inclement weather nor any ice upon any portion of the highway. Thus, when heading home, defendant did not anticipate finding ice on the *587 overpass. Indeed, all witnesses testifying at trial (including plaintiff and the investigating officer) agreed in that respect they did not expect to encounter ice on the highway or overpass that evening. The witnesses, with a single exception, also agreed that the precipitation was, at most, a light rain or sleet.[1]
Plaintiff argues that defendant should have been alerted to the presence of ice on the road when his wife saw and commented upon what she believed to be salt on the surface of the overpass. We disagree. Defendant and his wife suspected that salt may have been placed in anticipation of bad weather. As noted, no one present at the scene had anticipated the icy conditions. Furthermore, this comment and observation occurred only moments before defendant applied his brakes and discovered the ice.
Additionally, there is no dispute that the stopped traffic could not be seen until a driver reached the top of the overpass. Moreover, with each automobile that stopped for the original accident, the distance remaining between the top of the overpass and the traffic below shortened, thus affording defendant even less room to bring his car to a stop.
Defendant had been traveling approximately forty miles per hourwell under the posted speed limit and reasonable for the perceived conditions. As soon as he was able to detect the obstruction in the roadway, he began braking. The ice upon the roadway caused him to slide and his attempted evasive maneuvers were of no use.
Based upon this evidence, the trial court concluded that defendant acted reasonably and prudently under the circumstances and should not be held liable for plaintiff's injuries.
The district court's factual findings, including those on the issue of causation, cannot be disturbed unless they are manifestly erroneous. Shaw v. Russell, 26,618 (La.App.2d Cir.03/01/95), 652 So.2d 133. The task of a reviewing court is not to assess whether the district court's factual findings are right or wrong in an absolute sense, but to ask whether the fact finder's resolution of the conflicting evidence was reasonable, in light of the record as a whole. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.01/29/96), 666 So.2d 1073. So long as a fact finder's conclusions are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Holt v. Aetna Cas. & Sur. Co., 28,450 (La.App.2d Cir.09/03/96), 680 So.2d 117, writs denied, 96-2515 (La.12/06/96), 684 So.2d 937, 96-2523 (La.12/06/96), 684 So.2d 938.

Conclusion
The record amply supports the judgment of the lower court. Accordingly, we affirm at plaintiffs costs.
AFFIRMED.
NOTES
[1] Rouse testified that he remembered it was snowing so heavily on his trip home from Sterlington, several miles north of the accident scene, that his vision was impaired.