815 So.2d 868 (2001)
Brenda S. BERTRAND
v.
Derek D. HENRY, John C. Richey, Omega One Insurance Company and Clarendon National Insurance Company.
No. 01-348.
Court of Appeal of Louisiana, Third Circuit.
December 19, 2001.
Writ Denied March 28, 2002.
*870 H. Douglas Hunter, Guglielmo, Lopez, Tuttle, Hunter & Jarrell, Opelousas, LA, Attorney for the Plaintiff/Appellant Brenda S. Bertrand.
Richard P. Montgomery, Briney & Foret, Lafayette, LA, Attorney for the Defendants/Appellees John C. Richey, Darrel Richey and Clarendon National Insurance Company.
Court composed of NED E. DOUCET, JR., Chief Judge, SYLVIA R. COOKS, OSWALD A. DECUIR, JIMMIE C. PETERS, and MARC T. AMY, Judges.
DECUIR, Judge.
In this suit to recover damages sustained in an automobile accident, the plaintiff, Brenda Bertrand, appeals the jury's verdict finding that, although the defendant, Darryl Richey, was negligent, he was not at fault in the accident.
On August 18, 1997, Brenda Bertrand was driving west across the Atchafalaya Basin on I-10 in her 1994 Toyota Corolla. She testified that she was driving at or slightly below the speed limit, which was 70 m.p.h. on that section of the interstate. Traveling behind her was Darryl Richey, who was driving a 79,000 pound eighteen wheel tractor-trailer rig carrying a load of grain from Port Allen to Ragley. When Richey entered the interstate highway, he began communicating via CB radio with Duncan Thomas, who was driving another eighteen wheel tractor-trailer rig on I-10. Thomas' rig was, at first, between Bertrand and Richey. As the three vehicles approached the Whiskey Bay overpass, a Cadillac Deville driven by Derek Henry entered the interstate. He quickly passed over the overpass and out of the vision of the other three drivers. As Bertrand, Richey and Thomas drove up the Whiskey Bay overpass, Thomas pulled into the left lane of travel to try to pass Bertrand. He lost speed on the way up so that he was still in the left lane attempting to overtake *871 the Bertrand vehicle when they came down the other side. Richey testified that it was also his intention to pass Bertrand and that, while he lost speed going up, after he crested the hill he gained speed and was closing in on Bertrand's vehicle. At about the time they cleared the overpass, all three saw the Cadillac stopped in the right-hand lane of the highway. Bertrand began to brake and avoided hitting the Cadillac, which at some point began moving again. Richey, too, applied his brakes, but his eighteen wheeler hit Bertrand's Toyota from behind.
Bertrand sued Henry and Richey and their insurers. She settled her claim against Henry prior to trial, and he was dismissed from the case. The claims against Richey were tried to a jury. The jury, in response to interrogatories, found that Richey was negligent, but that his negligence was not "the cause" of the accident. Bertrand appeals.

CAUSATION
Bertrand first contends that the jury erred in concluding that Richey was not a legal cause of the accident. We agree.
Louisiana law requires that a motorist not follow another vehicle closer than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions and the condition of the highway. La.R.S. 32:81; Collins v. Lemoine, 517 So.2d 994 (La.App. 3 Cir.), writ denied, 519 So.2d 106 (La.1987). While a following motorist may assume that the vehicle in front is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the lead vehicle under circumstances which should be reasonably anticipated. Nicholas v. Voiron, 568 So.2d 1139 (La.App. 5 Cir.1990); Rizzuto v. Bracamontes, 310 So.2d 132 (La.App. 4 Cir.1975). When a following vehicle rear-ends a vehicle ahead of it, the following vehicle is presumed to be at fault and must prove a lack of fault to avoid liability. Mart v. Hill, 505 So.2d 1120 (La.1987). "[T]he risk of a rear-end collision[,] whether the collision occurs in an emergency lane, or in a travel[ed] portion of a roadway[,] is clearly within the scope of the statutory prohibition against following too close." Id. at 1123.
To exculpate [himself], the following motorist must prove that [he] kept [his] vehicle under control, that [he] closely observed the preceding vehicle, that [he] followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. Rudd v. United Services Automobile Association, 626 So.2d 568 (La.App. 3rd Cir.1993).
LeBlanc v. St. Landry Parish Police Jury, 94-501, p. 7 (La.App. 3 Cir. 12/7/94); 647 So.2d 614, 617.
Richey argues that the jury correctly found that he overcame the presumption of liability and was not a cause of the accident. Specifically, he contends that Bertrand braked excessively and thereby negligently created a hazard he could not avoid. The record before us does not support such a finding.
Thomas testified that he first saw Bertrand before the Whiskey Bay overpass. At that time Richey's vehicle was behind him. He meant to pass Bertrand and climb the overpass, but lost speed as he went up and had not passed her as they reached the top of the overpass. At the top of the overpass, he saw the Cadillac stopped 300-400 feet ahead. Another car was stopped on the shoulder, and he saw someone go from the Cadillac to the car on the shoulder and back to the Cadillac. *872 Thomas, at that time, was behind Bertrand and to the left of Richey. He saw Bertrand apply her brakes when she was approximately 100-150 feet behind the Cadillac.
Richey testified that he was roughly 100 feet behind Bertrand when he first saw the Cadillac stopped in the road and the car on the shoulder of the highway. He estimated that Bertrand was about 100 feet behind the Cadillac at that time and that she began braking at about the time he first saw the stopped vehicle. He began braking at the same time at a rate he felt would allow him to avoid hitting Bertrand as she stopped behind the Cadillac. He then realized that Bertrand was braking harder than he anticipated and hit his engine brakes in order to stop the truck faster. In spite of his efforts, he collided with Bertrand's vehicle.
These facts are not sufficient to support a finding that Bertrand negligently created a hazard. The jurisprudence is replete with cases which hold a driver at fault for rear-ending even a stalled or stopped vehicle. See Bordelon v. S. Cent. Bell Tel. Co., 617 So.2d 1337 (La.App. 3 Cir.1993); Toten v. Gen. Motors Corp., 479 So.2d 957 (La. App. 3 Cir.1985). There is, in fact, a presumption of negligence on the part of such drivers. Ly v. State Through Dep't. of Pub. Safety & Corr., 633 So.2d 197 (La. App. 1 Cir.1993), writ denied, 93-3134 (La.2/25/94); 634 So.2d 835.
The underlying rationale of these cases is that "[t]he first duty of a motorist is to maintain a sharp lookout ahead." Bordelon, 617 So.2d at 1341; Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958). Even if an obstruction is illegal, motorists are not excused from exercising the required degree of care in observing the obstruction. Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148 (1945); Desadier v. Safeway Ins. Co., 97-1412 (La. App. 3 Cir. 4/8/98); 712 So.2d 925, writ denied, 98-1249 (La. 6/26/98); 719 So.2d 1058.
The jury concluded that, although Richey was negligent, his negligence was not "the cause" of the accident.
The district court's factual findings, including those on the issue of causation, cannot be disturbed unless they are manifestly erroneous. Shaw v. Russell, 26,618 (La.App.2d Cir.03/01/95), 652 So.2d 133. The task of a reviewing court is not to assess whether the district court's factual findings are right or wrong in an absolute sense, but to ask whether the fact finder's resolution of the conflicting evidence was reasonable, in light of the record as a whole. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.01/29/96), 666 So.2d 1073.
Clark v. Natt, 32,548, p. 4 (La.App. 2 Cir. 12/8/99); 748 So.2d 584, 587, writ denied, 00-0084 (La.3/17/00); 756 So.2d 1142.
In this case, we find that the findings of the jury are not reasonable in light of the evidence presented. The jury's conclusion that Richey was negligent is clearly supported by the record. However, we find the conclusion that Richey's negligence was not a legal cause of the accident is insupportable in light of the evidence and applicable presumptions of law.
We note that the phrasing of the interrogatories to the jury may have led to the unreasonable conclusion they reached. The interrogatories asked the jury to determine if Richey's negligence was "the cause" of the accident. In contrast, the interrogatories regarding Bertrand and Henry asked the jury to determine if they were "a legal cause" of the accident. In any event, we find the jury's finding on causation to be manifestly erroneous.
*873 "In order for negligent conduct to be a cause-in-fact of harm to another, it must be a substantial factor in bringing about that harm." Paige v. Commercial Union Ins. Co., 512 So.2d 507, 510 (La. App. 3 Cir.), writ denied, 513 So.2d 823 (La.1987). This "substantial factor" test is a less demanding test than the traditional "but for" test and is especially suited to cases where there are multiple causes-in-fact. Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 4-3 (1996). It is evident from the record before us that Richey's conduct was a "substantial factor" in causing the accident.
Moreover, in this case, as a following driver, Richey, had to overcome the legal presumption that he was at fault in the accident. After reviewing the evidence, we find that Richey failed to overcome the legal presumption. His primary argument was that Bertrand negligently created a hazard by stopping suddenly and, therefore, the presumption was overcome. The record before us does not support his argument.
Bertrand, driving at or below the posted speed limit, was faced with Henry's stopped vehicle some 100 feet in front of her Toyota Corolla. In a matter of seconds, she decided on her course of action and successfully avoided a collision with Henry. Richey on the other hand, testified that he was some 100 feet behind Bertrand in his 79,000 pound tractor trailer rig and gaining on her with the intention of passing her. At that moment, he saw Henry's stopped vehicle and Bertrand's vehicle braking. Rather than engage all available braking options, he decided that he could stop and avoid Bertrand without using his engine brake. When he realized that he had made an erroneous decision, he engaged his engine brake, but it was too late to avoid a collision. Under these circumstances, Richey clearly failed to overcome the legal presumption that he was at fault in causing the accident. The jury's conclusion to the contrary is manifestly erroneous.

APPORTIONMENT OF FAULT
Turning now to the issue of apportionment of fault, we note:
Where an alleged tortfeasor is found to be blameless by a factfinder and comparative fault is, therefore, not assessed between the parties, an appellate court is not compelled to apply the manifestly erroneous standard of review and the Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) methodology in lowering or raising the percentages of fault. Rather, as in a situation where no damages are awarded, we are free to assess what the record suggests are appropriate degrees of fault.
LeBlanc v. Stevenson, 99-885, pp. 9-10 (La.App. 3 Cir. 12/22/99); 756 So.2d 356, 362-63, rev'd on other grounds, 00-0157 (La.10/17/00); 770 So.2d 766.
In Watson v. State Farm Fire & Cas. Ins. Co., 469 So.2d 967, 974 (La.1985), the supreme court explained that, to determine the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages:
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, *874 without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
In the instant case, we find the evidence supports a finding of fault on the part of multiple parties. Clearly, had Henry not stopped his Cadillac in the travel lane, Bertrand and Richey would not have been forced to brake and presumably there would have been no accident. Likewise, had Richey chosen to apply his brakes aggressively using both his trailer and engine brakes, there would likely have been no accident. This analysis is supported by the fact that Bertrand was approximately the same distance behind Henry as Richey was behind her, and yet she was able to stop and avoid an accident. Bertrand, the only party acting reasonably, was literally caught in the middle. Henry set the events in motion. However, through Bertrand's alertness, and Henry's moving of his vehicle, a collision was avoided. Only Richey was not alert enough to avoid the accident. Accordingly, we find that the proper apportionment of fault is 25% to Henry and 75% to Richey.

QUANTUM
If a court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, the court, whenever possible, is required to review the facts de novo from the entire record and render a judgment on the merits. Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742. Accordingly, a de novo review and award of damages is required by this court.
In this case, the parties stipulated to medical expenses in the amount of $14,310.09. Accordingly, our discussion will be limited to general damages. From the record before us, it is evident that Bertrand suffered a neck injury as a result of this accident. Despite Richey's protestations to the contrary, we find that this injury resulted in a prolonged period of conservative treatment and culminated in cervical fusion surgery. Moreover, her injuries resulted in permanent physical restrictions on her activities. Bertrand has asked this court to award $200,000.00 in general damages, and Richey has argued, in the alternative, that an award of $75,000.00 would be more appropriate. After careful review of the record, we find that a general damage award of $175,000.00 is appropriate under the circumstances.
Bertrand also offered income tax returns at trial to establish lost wages which she alleged to be $25,000.00. Our review of the record reveals that her income fluctuated to such an extent before and after the accident that it is impossible to calculate wages lost due to the accident with any certainty. Accordingly, we decline to make an award for lost wages. Bertrand, however, is entitled to reimbursement for her property damage deductible of $250.00.

DECREE
For the foregoing reasons, the judgment of the trial court in favor of the defendant, Darryl Richey, is reversed and judgment is rendered in favor of plaintiff, Brenda Bertrand, and against defendant, Darryl Richey, in the sum of $142,170.07, which is the total of general damages of $175,000.00, stipulated medical expenses of $14,310.09, and the property damage deductible of $250.00, reduced by 25% for the fault of released defendant, Derek Henry. Defendant, Darryl Richey, is cast with all costs of these proceedings.
REVERSED AND RENDERED.
*875 DOUCET, C.J., dissents and assigns written reasons.
AMY, J., concurs in part and dissents in part, and assigns reasons.
DOUCET, C.J., dissenting.
I would affirm the jury verdict in this case finding that its determination is not manifestly erroneous.
The district court's factual findings, including those on the issue of causation, cannot be disturbed unless they are manifestly erroneous. Shaw v. Russell, 26,618 (La.App. 2d Cir.03/01/95), 652 So.2d 133. The task of a reviewing court is not to assess whether the district court's factual findings are right or wrong in an absolute sense, but to ask whether the fact finder's resolution of the conflicting evidence was reasonable, in light of the record as a whole. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.01/29/96), 666 So.2d 1073. So long as a fact finder's conclusions are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Holt v. Aetna Cas. & Sur. Co., 28,450 (La.App. 2d Cir.09/03/96), 680 So.2d 117, writs denied, 96-2515 (La.12/06/96), 684 So.2d 937, 96-2523 (La.12/06/96), 684 So.2d 938.
Clark v. Natt, 32,548, p. 4 (La.App. 2 Cir. 12/8/99); 748 So.2d 584, 587, writ denied, 00-0084 (La.3/17/00); 756 So.2d 1142.
As the majority states, the driver of a following vehicle that rear-ends a vehicle in front of it is presumed to be at fault and must prove a lack of fault to avoid liability. However, it is possible to prove lack of fault:
To exculpate [himself], the following motorist must prove that she kept her vehicle under control, that [he] closely observed the preceding vehicle, that [he] followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. Rudd v. United Services Automobile Association, 626 So.2d 568 (La.App. 3rd Cir.1993).
Id. at p. 7; 647 So.2d at 617.
The majority suggests that since Bertrand, as was her responsibility, managed to avoid hitting the Cadillac, she cannot be held to have created a hazard. Nothing in our law supports this conclusion. Further, the facts of record, support the conclusion that although Bertrand managed to avoid the car ahead of her, she did so in a way that created a hazard for following traffic. Duncan Thomas, who witnessed the accident from his truck, testified that Bertrand would have had enough room to move safely into the left lane in front of his truck and pass the Cadillac. Richey testified that he was about 200 feet behind Bertrand when he first saw the Cadillac stopped in the road and the car on the shoulder of the highway. Richey estimated that Bertrand was about 100 feet behind the Cadillac when he first saw her and that Bertrand began braking at about that time. Richey stated that he then began braking at a rate of speed he felt would allow him to avoid hitting Bertrand as she stopped behind the Cadillac. He then realized that Bertrand was braking harder than anticipated and he hit his engine brakes in order to stop the truck faster. In spite of his efforts, Richey was unable to avoid hitting Bertrand.
"[I]f a motorist has exercised ordinary care as required by law (or the highest degree of care as may be required), and has nevertheless inflicted injury on another, the accident is said to be inevitable, for which no liability attaches." Clark v. Natt, 32,548, p. 3 (La.App. 2 Cir. 12/8/99); 748 So.2d 584, 586, writ denied, 00-0084 (La.3/17/00); 756 So.2d 1142.
*876 The jury after hearing the evidence in this matter concluded that Richey's conduct, though negligent, was not a cause-in-fact of the accident. The facts herein, though subject to more than one interpretation, form a reasonable basis for the jury's decision. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). This court abuses its role by substituting its views for those of the trier of fact. Therefore, I respectfully dissent from the majority herein.
AMY, J., concurring in part, dissenting in part.
I concur in the majority's determination that Mr. Richey was a legal cause of the accident and must be apportioned a percentage of the fault. However, I further conclude that the plaintiff, Ms. Bertrand, must also be found liable for stopping prematurely on the roadway and, per La.Civ. Code art. 2323, assigned a percentage of the fault for her role in causing the accident. In this regard, I respectfully dissent.