862 So.2d 353 (2003)
UNITED SERVICES AUTOMOBILE ASSOCIATION and Carol K. Ferguson, Plaintiff-Appellee,
v.
Cecil Raymond CRAFT, Legion Insurance Company, Bo Construction & Dirt Company, Inc. and Ellington Construction Company, Inc., Defendant-Appellant.
No. 37,909-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*354 Richard L. Fewell, Jr., West Monroe, for Appellant.
F. Williams Sartor, Jr., Monroe, for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
WILLIAMS, J.
In this automobile accident case, the defendants, Cecil Raymond Craft and Bo Construction & Dirt Company, Inc. ("Bo Construction"), appeal a judgment assessing them with 100% fault in causing the accident and dismissing their reconventional demand against Carol Ferguson and United Services Automobile Association ("USAA").[1] For the following reasons, we affirm.

FACTS
This motor vehicle accident involved a dump truck operated by Cecil Raymond Craft ("Craft"), owned by Bo Construction and insured by Legion Insurance Company, and a 1995 GMC Suburban operated by Carol K. Ferguson ("Ferguson"), owned by Drs. Ferguson and Lolley and insured by USAA.
On September 12, 1997, at approximately 11:30 a.m., the dump truck and the GMC Suburban collided at the intersection of La. Highway 616, also known as Arkansas Road, and Wallace Road. The intersection of La. Hwy. 616 and Wallace Road is a "T" intersection. La. Hwy. 616 runs east and west and Wallace Road runs north and south, terminating at the south side of La. Hwy. 616. Both roadways are two-lanes and northbound traffic entering La. Hwy. 616 from Wallace Road is controlled by a stop sign.
On the day of the accident, a utility maintenance project was underway at the intersection. Ellington Construction Company, Inc. ("Ellington") employees were working in a manhole located directly in front of the intersection in the northbound lane of Wallace Road. The employees had parked their work vehicle in the northbound lane of Wallace Road to the south of the manhole and placed orange barrels to the south and west of the work site. The construction completely blocked the northbound lane of Wallace Road at the intersection, thereby forcing northbound traffic to enter La. Hwy. 616 from the southbound (westernmost) lane.
*355 Ellington employed Isaac Ward ("Ward") as a flagman to control traffic at the intersection of La. Hwy. 616 and Wallace Road. At trial, a diagram of the accident scene was introduced into evidence. Ward testified that he was standing to the north of the manhole, but east of the southbound lane of Wallace Road and slightly in the eastbound lane of La. Hwy. 616. He testified that, in addition to using a flag, he controlled the traffic entering the intersection from Wallace Road by blocking the open lane of the roadway with an orange barrel when there was traffic on La. Hwy. 616. Ward also testified that when traffic traveling northbound on Wallace Road approached the intersection, he stopped the eastbound traffic traveling on La. Hwy. 616 to allow vehicles to safely enter the highway.
Ward testified that when he saw Craft's dump truck approaching the intersection, he looked to the west, but did not see any vehicles approaching. He then waved Craft's dump truck out onto La. Hwy. 616. As the dump truck entered onto the highway, Ward looked to the west again and saw the white Suburban driven by Ferguson traveling east on La. Hwy. 616. Ward testified that his efforts to signal Ferguson to stop, by jumping up and down and waving his flag, were unsuccessful. He testified that Ferguson attempted to avoid the collision by maneuvering across the center line and veering to her left, but she collided with the dump truck. Ferguson's vehicle went off of La. Hwy. 616, where it ran into a ditch, destroyed two DOTD signs and finally came to rest off of the road some distance to the east.
At trial, Ferguson testified that she regularly traveled La. Hwy. 616 and was aware that the Wallace Road utility maintenance project had been ongoing for several days prior to the accident. She testified there had been flagmen at the intersection, but that none had ever stopped traffic on La. Hwy. 616. She also testified that she did not see Ward at the intersection controlling traffic on La. Hwy. 616 and that as she approached the intersection, she looked to "be sure that I was clear." Ferguson estimated that she was traveling below the speed limit of 45 miles per hour because her grandchild was in the car, she was aware that other children stood beside the road in that area waiting for buses and there were businesses along the highway. Ferguson testified that she did not see the dump truck before it entered La. Hwy. 616 and she did not know whether the dump truck stopped before attempting the left turn.
Craft did not testify at the trial. Two other witnesses, Louisiana State Police Trooper Christopher Towell and Mildred Burford, testified by deposition. According to Trooper Towell, Craft informed him at the scene that Ward had flagged him onto La. Hwy. 616. Craft also informed the trooper that he did not look to his left for traffic on La. Hwy. 616 because he assumed Ward had done so before directing him onto the highway. Trooper Towell testified that Craft related that Ferguson should not have been able to see Ward because he was standing to the east of Craft's dump truck as it entered the intersection and turned left onto the highway. According to Trooper Towell, Ward stated that he was standing next to the manhole at the time of the accident.
According to Burford, she was driving westbound on La. Hwy. 616 and was approaching the intersection prior to the accident. In her deposition she testified:
I was coming up on where Wallace comes out, and I saw a dump truck, I guess. And it was coming out of Wallace onto Arkansas [La. Hwy 616]. And then I saw the other car coming toward *356 me. We were kind of all going together right there, and the dump truck never slowed down. He never stopped. He come onjust come on out in the road and hit her and pushed her off into the ditch.
Burford testified that when she first saw the Suburban, it was less than one-half of a block from the intersection. Burford also testified that because she was so close to Craft's dump truck when it pulled out, she "would have hit him if he had not hit her [Ferguson]." Burford testified that she saw a flagman "off ... both roads completely" on the east side of the dump truck. She also testified that the flagman was not directing the traffic on either La. Hwy. 616 or Wallace Road.
The remaining witness, Alfred Craft, the owner of Bo Construction, did not see the accident, but arrived at the scene shortly after it occurred. He observed that the dump truck was positioned on La. Hwy. 616 and that Ferguson's vehicle was off of the road to the north.
The court granted a directed verdict in favor of Ferguson and USAA with regard to Craft's reconventional demand for personal injury damages because Craft did not appear for trial and his attorney did not assert any claims on his behalf. The court gave thorough reasons for judgment, finding that Ferguson was not at fault in causing the accident. The court found that Ferguson was a credible witness and that her testimony was consistent with Burford's testimony. The court noted that both Ferguson and Burford testified they did not see the flagman attempting to stop traffic and that they were so close in proximity to the dump truck when it entered the intersection that they both were in danger of colliding with it. The court also found that Craft followed Ward's direction and entered onto La. Hwy. 616 without determining it was safe to proceed. The court further concluded that Ferguson's actions were reasonable under the "sudden emergency" doctrine. Craft and Bo Construction appeal the judgment.

STANDARD OF REVIEW
It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989).

DISCUSSION
Although this appeal was taken by both Cecil Raymond Craft and Bo Construction, the parties' appellate brief does not argue that the court erred in dismissing Cecil Raymond Craft's reconventional demand for personal injury damages due to his failure to appear. In the absence of briefing or argument on this point, we hereby consider the issue abandoned. U.R.C.A. Rule 2-12.4.
The allocation of comparative fault is a factual matter within the discretion of the trial court. The trial court's determination must not be disturbed on appeal in the absence of manifest error. Rosell, supra; O'Riley v. City of Shreveport, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213, writ denied, 98-0752 (La.5/1/98), 718 So.2d 418.
Ferguson's conduct is subject to the duty-risk analysis. Boykin v. Louisiana *357 Transit Co., Inc., 96-1932 (La.3/4/98), 707 So.2d 1225. A motorist's duty of care includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards. Williams v. City of Monroe, 27,065 (La.App.2d Cir.7/3/95), 658 So.2d 820, writ denied, 95-1998 (La.12/15/95), 664 So.2d 451, and 95-2017 (La.12/15/95), 664 So.2d 452. A driver has a duty to drive defensively from the time the driver witnesses the negligent operation of another vehicle or notices other hazards posing the potential for resulting damage. That duty may include the duty to slow down or otherwise avoid risks posed by a vehicle ahead. Edwards v. Horstman, 96-1403 (La.2/28/97), 687 So.2d 1007.
Under our sudden emergency doctrine, one who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence. Clark v. Natt, 32,548 (La.App.2d Cir.12/8/99), 748 So.2d 584, writ denied, XXXX-XXXX (La.3/17/00), 756 So.2d 1142.
A vehicle driver intending to turn left within an intersection shall yield to oncoming traffic that is "within the intersection or so close thereto as to constitute an immediate hazard." LSA-R.S. 32:122. See also LSA-R.S. 32:101 and 104. Further, the left turn has been held to be the most dangerous maneuver a motorist may execute, and great caution should always be taken. Harper v. State Farm Mutual Auto. Ins. Co., 511 So.2d 1283 (La.App. 2d Cir.1987); Ebey v. Coggins, 474 So.2d 1352 (La.App. 2d Cir.1985). Obviously, such a turn should be attempted only when it is ascertained that it can be safely completed. Strickland v. Pitts, 506 So.2d 1360 (La. App. 2d Cir.1987); Hawkins v. Gilfoil, 483 So.2d 1082 (La.App. 2d Cir.1986). Left turning motorists are held to a high standard of care and are burdened with a presumption of liability when involved in an accident. Lennard v. State Farm Mutual Auto. Insurance Company, 26,396 (La.App.2d Cir.1/25/95), 649 So.2d 1114.
An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, although the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case. Safety Ass'n of Timbermen Self Insurers Fund v. Malone Lumber, Inc., 34,646 (La.App.2d Cir.6/20/01), 793 So.2d 218, writ denied, 2001-2557 (La.12/07/01), 803 So.2d 973.
After a thorough review of this record, we find no manifest error in the trial court's conclusion that Ferguson was not at fault in causing the accident. The flagman admitted that he was unaware of Ferguson's presence until he had already waved the dump truck onto the highway, and an independent witness, Burford, testified that both she and Ferguson were very close to the intersection when the accident occurred. There was no direct observation of Ferguson's speed apart from her own testimony that she was going slower than the speed limit because of the construction site and the generally congested nature of the area around the intersection. As previously noted, Craft did not testify and thus did not rebut Ferguson's assertion that she was traveling below the speed limit.
Neither of the drivers who testified saw the flagman working to control the traffic. Even accepting arguendo that the flagman was trying to signal to Ferguson to stop, because he was positioned to the east of the turning dump truck and out of her *358 view, it would have been difficult or impossible for her to see him in time to prevent the collision.
The record amply supports the trial court's conclusion that a combination of the dump truck driver's inattentiveness and the flagman's conduct caused this accident.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants, Cecil Raymond Craft and Bo Construction & Dirt Company, Inc.
AFFIRMED.
NOTES
[1] Although the plaintiff's petition correctly refers to the defendant/insurer as the United Services Automobile Association, the district court's record incorrectly refers to this defendant as United States Automobile Association. In this opinion, we will refer to this defendant by its correct name or its acronym.